SUMNER v. KINNEY.

(Court of Civil Appeals of Texas. April 12, 1911. Rehearing Denied May 10, 1911.)

1. APPEAL AND ERROR (§ 216*)—REQUEST TO CHARGE—NECESSITY.
    Defendant cannot object on appeal to an omission in the court's statement of the issues, where no request was made at the time to supply the omission.
    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. §§ 627–641.]

2. ASSAULT AND BATTERY (§ 26*)—INTENT—BURDEN OF PROOF.
    When an injury is caused by violence to the person, an intent to injure is presumed, and it rests on the person inflicting the injury to show accident or innocent intention.
    [Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. § 36; Dec. Dig. § 26.*]

3. ASSAULT AND BATTERY (§ 43*)—INSTRUCTIONS—CONSTRUCTION.
    An instruction that no verbal provocation justifies an assault, but insulting and abusive words may be given in evidence in mitigation,

was not misleading in the use of the word "assault," instead of the words "assault and battery."

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. §§ 57–62; Dec. Dig. § 43.*]

4. ASSAULT AND BATTERY (§ 43*)—INSTRUCTION—SELF-DEFENSE.

An instruction that violence to the person does not amount to assault and battery when inflicted in self-defense, against unlawful violence offered to the person, and only that degree of force must be used which is reasonably necessary to repel the threatened violence, but that the danger of violence to the person, in order to justify an assault and battery, need be apparent only, provided the person charged acted on a reasonable apprehension of danger of violence, the circumstances being viewed from his standpoint at the time, was correct.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. §§ 57–62; Dec. Dig. § 43.*]

5. DAMAGES (§ 216*)—PERSONAL INJURY—INSTRUCTIONS.

An instruction that in estimating plaintiff's damages the jury might consider the mental pain and suffering, if any, consequent on the injuries, if any, was not objectionable as authorizing double damages, in allowing a recovery for mental and physical pain and for "suffering" in addition thereto.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 548–555; Dec. Dig. § 216.*]

6. EVIDENCE (§ 207*)—ADMISSIONS—CONVICTION BEFORE A JUSTICE.

In an action for assault and battery, evidence of defendant's conviction before a justice on a plea of guilty with reference to the same assault is admissible as an admission.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 707–712; Dec. Dig. § 207.*]

7. EVIDENCE (§ 265*)—ADMISSIONS—JUDICIAL PROCEEDINGS—EFFECT.

Where, in an action for assault and battery, evidence of defendant's conviction on a plea of guilty of the same assault before a justice of the peace was admitted, an instruction that proof of such fact was admitted as any other fact in evidence, though not conclusive that defendant committed an unlawful assault and battery on plaintiff, and was to be considered as any other evidence and given such weight as the jury deemed it entitled to, was correct.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1029–1050; Dec. Dig. § 265.*]

8. APPEAL AND ERROR (§ 1067*)—HARMLESS ERROR—FAILURE TO INSTRUCT—DAMAGES—EXEMPLARY DAMAGES.

Where only actual damages were submitted, and no request referring to exemplary damages was made, defendant was not prejudiced by the court's permitting the issue of exemplary damages to remain before the jury without instructions.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4229; Dec. Dig. § 1067.*]

9. TRIAL (§ 237*)—INSTRUCTIONS—WEIGHT OF EVIDENCE—"ESTABLISH."

An instruction that the burden of proof was on plaintiff, and that before he could recover he must establish all the facts necessary to his recovery by a preponderance of the evidence, the burden resting on defendant "to establish his plea of self-defense," was not erroneous in the use of the word "establish," as requiring too high a degree of proof, it being used in the sense of "prove"; the court having also charged that the jury should find for plaintiff, if they believed from a preponderance of the evidence that defendant made an unlawful assault on plaintiff, and to find for defendant, if they believed from a preponderance of the evidence that plaintiff was about to make an attack, real or apparent, on defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 542–551; Dec. Dig. § 237.*

For other definitions, see Words and Phrases, vol. 3, pp. 2469–2473.]

10. DAMAGES (§ 210*)—INSTRUCTIONS.

Where plaintiff specified the amount of each element of damage sustained by him, an instruction charging generally as to the damage sustained was not erroneous for failure to limit the amount of the recovery on each element specified to the amount claimed.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 537; Dec. Dig. § 210.*]

11. TRIAL (§ 260*)—INSTRUCTIONS—REQUEST TO CHARGE—INSTRUCTIONS GIVEN.

It is not error to refuse a request to charge substantially covered by an instruction given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

12. ASSAULT AND BATTERY (§ 43*)—INSTRUCTIONS.

In an action for assault and battery, a request to charge that the burden was on plaintiff to show by a preponderance of the evidence that he had been injured by the blow, and that the blow was the direct and proximate cause of the injury, if any, and if the jury did not so believe from a preponderance of the evidence they should find for defendant, was properly refused, as relieving defendant from liability even for nominal damages, though the assault was proved.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. §§ 57–62; Dec. Dig. § 43.*]

13. APPEAL AND ERROR (§ 732*)—ASSIGNMENTS OF ERROR—SPECIFICNESS.

An assignment that the court erred in overruling defendant's motion for a new trial for each reason therein stated, as stated in each paragraph therein, was too general.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3022–3024; Dec. Dig. § 732.*]

14. APPEAL AND ERROR (§ 760*)—INSTRUCTIONS—ASSIGNMENT OF ERROR AND STATEMENT—REFERENCE TO TESTIMONY.

Refusal of a request to charge will not be reviewed on appeal, where the brief fails to refer to any testimony on which to base the charge.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3095; Dec. Dig. § 760.*]

15. ASSAULT AND BATTERY (§ 43*)—INSTRUCTIONS.

A request to charge that, if the jury believed plaintiff's injury and suffering were feigned, they should find for defendant was properly refused, as requiring a verdict for defendant, though plaintiff was entitled to nominal damages for an unjustifiable assault.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. §§ 57–62; Dec. Dig. § 43.*]

16. ASSAULT AND BATTERY (§ 43*)—INSTRUCTIONS—EVIDENCE.

In an action for assault and battery, evidence held insufficient to authorize a submission of the question whether plaintiff was feigning injury to the jury.

[Ed. Note.—For other cases, see Assault and Battery, Dec. Dig. § 43.*]

17. DAMAGES (§ 34*)—AGGRAVATION OF INJURY—USE OF NARCOTICS.

Where, in an action for assault and battery, all the evidence on the subject showed that nar-

cotics given to plaintiff after the assault were necessary or proper to alleviate existing pain, according to medical direction, the court properly refused to charge that, if plaintiff suffered pain and mental anguish and was compelled to pay out money for medical treatment as the result of his taking narcotics to excess under the prescription of his medical adviser, or any person, then he would not be entitled to recover anything for the physical pain, mental anguish, and medical treatment, though defendant committed an unlawful assault and battery on him, since what is done to an injured person in the way of proper medical treatment, applicable to him in his injured state, is attributable to the act causing the injury, as a proximate result thereof.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 43; Dec. Dig. § 34.*]

Appeal from District Court, Jeff Davis County; W. C. Douglas, Judge.

Action by P. W. Kinney against C. E. Sumner. Judgment for plaintiff, and defendant appeals. Affirmed.

W. Van Sickle and G. W. Thomason, for appellant. E. F. Higgins and Jones & Thurmond, for appellee.

JAMES, C. J. This is an action by Kinney for damages, alleging that appellant, Sumner, unlawfully, wrongfully, and maliciously assaulted plaintiff by striking him with his fist a severe and stunning blow upon his face or head, knocking him down the stone steps of the Brewster county courthouse to the ground, and after he fell upon the ground, and while he was in a stunned and helpless condition, continued the assault by stamping plaintiff in the face with his shoes.

Plaintiff alleged his injuries to have been serious and permanent, specifying same, alleging physical and mental anguish; that after night after night he would be unable, and is now unable, to sleep because of the physical pain, and at times he would suffer the most acute paroxysms of pain, of such nature that he has been obliged to resort, and is still obliged to resort, to the use of opiates in order to obtain relief therefrom; that he was 44 years of age, engaged in ranching and farming, and capable of earning $1,200 per annum, and by reason of his injuries his earning capacity has been completely destroyed, and that for medical treatment and drugs, rendered necessary by said assault, he has incurred a liability of at least $150, and he prayed for $20,000 actual, and $10,000 exemplary, damages.

Defendant pleaded general denial, not guilty, self-defense, and contributory negligence, and that plaintiff's injuries were caused by his own unlawful acts; that plaintiff was not knocked from the top step to the ground, but purposely fell from same; that plaintiff is exaggerating and feigning his pains and injuries; and that, if he has suffered any pain or injuries, they were not the direct or proximate result of any act of appellant, but from other injuries or causes, not attributable to appellant, brought on by the use of opiates, exposures, and physical conditions and infirmities that appellant is in no way responsible for.

Plaintiff has recovered $2,500.

[1] We overrule the first assignment of error. If there was in the court's statement of the issues an omission to mention any defense, it would not constitute error requiring a reversal. It seems to us that most, if not all, the omissions referred to were covered by the statement that defendant denied all and singular the allegations of the petition. However, unless the matters omitted were requested to be supplied, appellant cannot object in this court, for the first time, to the omission. Railway v. Helm, 64 Tex. 147.

The second assignment is without merit, the paragraph of the charge complained of being legally correct.

[2] The third assignment complains of this paragraph of the charge: "When an injury is caused by violence to the person, the intent to injure is presumed, and it rests with the person inflicting the injury to show the accident or innocent intention." This was a correct enunciation of the law on the subject. Johnson v. Daily, 136 Mo. App. 534, 118 S. W. 530.

[3] The fourth complains of the following paragraph of the charge: "No verbal provocation justifies an assault, but insulting and abusive words may be given in evidence in mitigation." The point of objection to this well-known rule seems to be that it was misleading in the use of the words "assault," instead of "assault and battery." We overrule the assignment.

[4] The fifth complains of this paragraph of the charge: "Violence to the person does not amount to an assault and battery when it is inflicted in self-defense, against unlawful violence offered to the person; but only that degree of force must be used which is reasonably necessary to repel the threatened violence. The danger of violence to the person, in order to justify an assault and battery by any one, need not be real, but may be apparent only, provided he acted on a reasonable apprehension of danger of violence, and the circumstances must be viewed from the standpoint of the person acting thereon at the time." This charge is correct, and not subject to any of the criticisms offered to it. Beavers v. Bowen (Ky.) 80 S. W. 1165. In this connection we overrule the seventh assignment of error.

The sixth complains of paragraph 8 of the charge, which we find to be another correct instruction, notwithstanding the objections urged against it. The paragraph of the charge assailed by the eighth assignment we also find to be correct, and therefore overrule it.

[5] We also sustain the charge complained of by the ninth assignment. One of the crit-

icisms is that the expression, that the jury might, in estimating the damages, "take into consideration the mental pain and suffering, if any, consequent upon the injuries, if any," authorized double damages in that it allowed recovery for mental and physical pain and in addition thereto "suffering." This serves to illustrate the hypercritical character of many of the points raised against the court's charge, paragraph by paragraph.

[7] The tenth complains of the following paragraph: "You are charged, with reference to the complaint against C. E. Sumner, filed before the justice of the peace of Brewster county on February 14, 1910, and with reference to the judgment of said justice of the peace on said complaint, that the same were admitted in evidence in this cause as any other fact in evidence; said judgment is not conclusive of defendant having committed an unlawful assault and battery upon plaintiff as charged in said complaint for the purpose of this cause, but you may consider said judgment as any other evidence in arriving at your verdict, and give it such weight and probative force as you may deem it entitled to."

This is complained of upon the grounds: (1) It was error to single out said testimony, and tell, or in effect tell, the jury that it was admissible to prove that defendant was guilty of the assault and battery alleged by plaintiff. (2) It was error to tell the jury that they could consider said testimony as any other testimony in arriving at this verdict, and give it such weight and probative force as they may deem it entitled to. (3) That the effect was to give said fact undue prominence, and was upon the weight of the evidence.

[6] The judgment of the justice's court was a conviction of this defendant for this very assault upon a plea of guilty. That it constituted proper testimony in this case is shown by Abbott's Trial Evidence (2d Ed.) p. 819: "The conviction of defendant on a criminal prosecution for the same assault, if founded on a plea of guilty, is competent as an admission, but it is not conclusive." And here we overrule the thirty-first assignment, which contended that the testimony was not admissible for any purpose. The charge complained of was correct. It was proper, in the interest of defendant, for the court to give the instruction upon the particular evidence, else the jury might have taken it as conclusive. We observe that defendant sought to have this fact singled out and charged upon, because, under his seventeenth assignment (which is here overruled), he complains of the refusal of his charge to the effect that this judgment was no proof at all of the fact.

[8] The twelfth alleges that the court erred in permitting the issue of exemplary damages to remain before the jury without properly instructing them as to the same. Only actual damages were submitted, and there was no request for any reference to exemplary damages.

[9] The eleventh complains of this instruction: "The burden of proof in this case rests upon the plaintiff, and before he can recover he must establish all the facts necessary to his recovery by a preponderance of the evidence, and the burden rests upon the defendant to establish his plea of self-defense." The only point made which we think of sufficient importance to notice in this connection is the complaint made of the word "establish," as being too onerous on defendant, and as exacting a higher degree of proof than is required.

Our opinion is that it is apparent that the word was used as interchangeable with "prove" or "substantiate," and was not misleading to any ordinary mind, as meaning that the proof must be conclusive or to the satisfaction of the jury. In Houston v. Johnson (Tex.) 127 S. W. 539, some dignity is accorded the criticism here made by the expression, "If the clause copied stood alone in the charge, the assignment might be good." Clause 8 of the charge had told the jury to find for plaintiff, if they believed from a preponderance of the evidence that defendant made an unlawful assault and battery on plaintiff, and clause 9 instructed them to find for defendant, if they believed from the preponderance of the evidence that plaintiff was about to make an attack, real or apparent, on defendant, etc. In view of this, we hold there is nothing substantial in the point.

[10] The thirteenth complains of the charge in not confining the jury to each item of damages to an amount not to exceed the amount of each as alleged. Appellant's proposition is that, where plaintiff specifies the amount of each element of damage sustained by him, an instruction charging generally as to the damage sustained, without limiting the amount of recovery on each element specified to the amount claimed, is error. Appellant cites a case in point from Missouri, Shinn v. United Railways, 146 Mo. App. 718, 125 S. W. 782, by a divided court. The question appears to have been there certified to the Supreme Court of that state, but no report of an answer has been found. We think the contention that such matter constitutes affirmative error is unsound. No effort was made in the trial to have the charge framed, as appellant contends it should have been. We overrule the assignment.

The fourteenth is overruled because no definition of the term "unlawful" was requested.

The fifteenth is not considered because too general.

The sixteenth complains of a special charge, given at plaintiff's request, which was substantially that, if the jury found from the evidence that defendant unlawfully assaulted plaintiff, and that by reason thereof plaintiff was knocked down and by reason thereof

has sustained damage, to find for plaintiff and assess his damages, if any, in accordance with the measure of damage given in the general charge. The instruction was not incorrect in any particular, and we overrule the numerous objections urged against it.

[11] We overrule the eighteenth assignment. The substance of the requested charge is found in the main charge, so far as applicable to the testimony.

The nineteenth is also overruled. The requested charge would have been clearly improper.

The twentieth we overrule for the reason that the requested charge, in so far as it is correct, was contained in the main charge.

[12] The twenty-second complains of the refusal of this charge: "The burden of proof in this case is upon the plaintiff, P. W. Kinney, to show by the preponderance of the evidence that he has been injured by said blow, and that said blow was the direct and proximate cause of his injury, if any, and, if you do not so believe from the preponderance of the testimony, then you will find for the defendant." This was correctly refused. It would have relieved defendant from even nominal damages. The burden of proof as to such matter was, in the main charge, placed on plaintiff, and was not susceptible of being misunderstood in this respect.

The twenty-fifth, twenty-sixth, and twenty-seventh assignments are overruled. The matters to which the demurrers were addressed were allegations of facts, and not conclusions.

The twenty-eighth, twenty-ninth, and thirtieth are overruled. They relate to the same subject-matter as the thirty-first assignment, which has been referred to and disposed of already.

We overrule the thirty-second assignment as the amount of the verdict is warranted by the evidence.

There is no force in the thirty-third and thirty-fourth assignments.

[13] The thirty-fifth is that the court erred in overruling the motion for a new trial "for each reason therein stated, as stated in each paragraph therein." This is too general to be noticed.

[14] The twentieth assignment complains of the refusal of this charge: "If you find from the evidence that the said P. W. Kinney has suffered physical pain and mental anguish, and that said physical pain and mental anguish has been caused by, or is caused from, another cause than the assault made by the defendant herein, and is not attributable to said assault, and that said assault was not the direct and proximate cause of said injury, you will find for the defendant." The brief failing to refer to any testimony upon which to base the charge, we do not consider it.

[15] The twenty-third complains of the refusal of this charge: "If you believe that said injury and suffering is feigned on the part of the plaintiff, P. W. Kinney, then in that case you will find for the defendant, C. E. Sumner." This charge was properly refused, because it would have required a verdict for defendant, although plaintiff was, as the court charged, entitled to a verdict for nominal damages, if there was an unjustifiable assault.

[16] The only testimony cited by appellant which can be said to have any tendency to show feigning of injury on the part of plaintiff is what defendant stated: "He (plaintiff) knew what he was doing; he turned over a time or two; he moved two or three times. Yes, sir; that is what I thought; I just concluded that he was 'possuming.' That is what I thought; that there wasn't anything the matter. I thought if he had tried to get up he could have done it." This was not substantial testimony upon which to submit such an issue. Besides all the testimony goes to show that injury to some extent was inflicted by the blow.

[17] The twenty-fourth complains of another requested instruction. The proposition made by appellant under the assignment from which the point relied on is to be obtained is as follows: "If appellee suffered physical pain and mental anguish, and was compelled to pay out money for medical treatment and the same was the result of appellee's taking to excess narcotics, under the prescription of his medical advisor, or any person, then he would not be entitled to recover anything for the physical pain, mental anguish, and medical treatment, even though appellant committed an unlawful assault and battery upon appellee, and it was error for the court to refuse to give a special charge presenting said issue." All the evidence on the subject shows that the narcotics given were necessary or proper to alleviate existing pain, in accordance with medical direction. We are of opinion that what is done to an injured person in the way of proper medical treatment, applicable to him in his injured state, is attributable to the act causing the injury, as a proximate result thereof. The assignment is therefore overruled.

Judgment affirmed.