Ike P. TURNER, Appellant,

v.

Vester V. CLARK, Appellee.

No. 7685.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 27, 1967.

Rehearing Denied March 27, 1967.

John J. Watts, Odessa, James D. Cunningham, Odessa, of counsel, for appellant.

Cade & Bowlin, Lubbock, James O. Cade, Lubbock, of counsel, for appellee.

DENTON, Chief Justice.

This is a damage suit arising out of an automobile-pedestrian collision. The case was submitted to the jury and on the jury verdict the trial court's judgment denied recovery by the plaintiff. Plaintiff's motion to disregard the jury finding that he failed to keep a proper lookout and that such failure was a proximate cause of the collision was overruled. Plaintiff's appeal is based on the contention the findings are not supported by any evidence and are against the great weight and preponderance of the evidence.

Plaintiff was acting as a flagman for a construction company engaged in the construction of a highway in the outskirts of Lubbock, Texas. The defendant, Vester V. Clark, was driving his automobile in a northwesterly direction proceeding into Lubbock through the construction area. The plaintiff was standing on the highway approximately three feet from the paved edge with a red flag in his hand. The defendant's car struck plaintiff and he landed upon the hood of the defendant's auto-

mobile, and then fell to the pavement several feet away. The jury found the defendant failed to keep a proper lookout; that such failure was the proximate cause of the collision; that the defendant failed to properly apply his brakes, and that such failure was a proximate cause of the collision; that the failure of the defendant to turn the vehicle to the left was not negligence; that plaintiff's failure to step over to the side of the road when he saw the defendant approaching was not negligence; that the plaintiff failed to keep a proper lookout; and that such failure was a proximate cause of the collision; and that the collision was not the result of an unavoidable accident. Appellant's points of error attack the failure of the trial court to disregard the jury finding of contributory negligence. He contends there is no evidence to support such findings and alternatively, the findings are against the great weight and preponderance of the evidence. These contentions require a review of the evidence.

The accident occurred on an open highway, a portion of which was under construction just outside of the city limits of Lubbock. As the defendant's car approached the area he was confronted with signs along the side of the highway reading: "Slow", "Construction, drive carefully", "Observe warning signs state law", and another setting the speed at 35 m. p. h. There were no barricades across the highway but there were wooden fence-like structures perpendicular to the road set back some three or four feet from the highway's edge. Clark, an 83-year old retired medical doctor at the time of the accident, saw the signs and knew the construction was going on. As he approached the construction area from the south he slowed down and saw a grader or scraper up ahead of him moving across the highway from west to east. When he saw the grader he testified he slowed his speed to approximately 5 m. p. h. "and was just watching the top of it that's all I could see, the top of the grader". Clark admitted he did not see

Turner and did not realize he had hit him until he heard a "thud" and saw Turner land on the hood of his car. Turner fell to the highway and Clark stopped his car in "probably a foot or 6 or 8 inches". He noticed a flag on the hood after the impact. He testified the grader was about 50 to 100 feet ahead of him, along the east side of the highway going in the same direction as Clark's car when he heard the thud. He further testified there was no traffic in the immediate area at the time of the collision, but there was dust in the area from the grader's operation. Clark testified he had excellent vision after a cataract operation on one eye.

Another witness, W. H. Rogers, testified by deposition. He was proceeding approximately 150 feet ahead of the Clark car immediately prior to the collision. He testified "I just drove right on through there, just right easy" and "I saw this guy standing there with a flag in his hand". He saw Turner "about right at the edge" of the pavement. As he proceeded northwest he heard the impact and looked through his rear view mirror and saw Turner on the hood of Clark's car with the flag in his hand. He testified he had clear vision back to the scene of the collision.

The only other witness was the plaintiff himself. He began flagging traffic at 9:00 a. m. on the morning of the accident and continued until he was struck about 10:45 a. m. He described the flag as red, 18 inches square and attached to a wooden stick three feet long. His duties as a flagman were: "to stop the traffic, watch the scrapers after they come by coming toward Lubbock, and stop traffic so they would not run into the scrapers and to facilitate the scrapers crossing the highway". He stated his objective was to protect not only the public from the equipment, but the men on the construction equipment. His customary position for flagging was to stand about three feet from the pavement edge, facing the oncoming traffic. He was in this position just prior to the collision. He saw the Clark car 150 to 200 feet away

and stated that he gave Clark a signal to stop as the scraper was coming down the shoulder of the highway with a load of dirt. This signal was given by having "my flag in my hand out in this manner (demonstrating), the flag in the right hand and my left hand up". He then testified that he "glanced around to see if our scrapers had crossed the road and when he turned back he was about 10 or 12 feet in front of me". Then he said: "I guess I just froze". Turner "supposed" Clark would stop and had no reason to think he would not stop. Other drivers had stopped that morning when he had flagged them down. He said there was "just a film of dust" in the area, but that it did not affect visibility. Turner could remember "sailing through the air and hitting the pavement and rolling" but could not remember being thrown up on the hood of the car. It is uncontradicted Turner received serious bodily injuries.

We shall first consider Turner's law point of "no evidence", and view the evidence most favorably to the defendant. The defendant's testimony sheds very little light on the question of proper lookout as he did not see Turner at all until after the impact. Neither does Rogers' testimony touch directly on Turner's lookout. He passed through the area ahead of Clark and saw Turner standing along the highway's edge with the red flag in his hand. Turner made no attempt to stop Rogers as the scraper was apparently clear of the highway when he drove through. By Turner's own testimony he took his eyes off of the Clark car momentarily when he glanced over his shoulder to observe the scraper and determine its position relative to the highway. Of course, this movement was necessary in order to perform his duties as a flagman and to protect both the travelling public and the construction equipment, but it does in our opinion present more than a scintilla of evidence that Turner did not keep a proper lookout. Negligence and causation, like any other ultimate fact, may be established by circumstantial as well

as direct evidence. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273. In applying the test laid down in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, we are of the opinion there was at least some evidence ruling on the lookout issue as it pertained Turner did not keep a proper lookout. The trial court would have been in error in to Turner as a matter of law.

In determining the fact question of the sufficiency of the evidence we must review all the evidence. In so doing, we hold the jury findings that Turner did not keep a proper lookout and such failure was a proximate cause is so against the great weight and preponderance of the evidence as to be manifestly wrong. Tudor v. Tudor, 158 Tex. 559, 314 S.W.2d 793. Turner was in a proper position to carry out his duties as a flagman. He had a red flag in his hand and was facing oncoming traffic. The jury found his failure to step over to the side of the road when he saw Clark approaching was not negligence. He saw Clark approaching at "an ordinary speed, normal speed rather, and I observed him coming along". After Turner "glanced around" to see if the scrapers had crossed the road, Clark "was about 10 or 12 feet in front of me". It was then that he testified "I guess I just froze". He had no reason to believe Clark would not stop. Other drivers had stopped in obedience to the same flagging movements. Clark estimated his speed immediately prior to the collision to have been approximately 5 m. p. h. At this slow speed he would have travelled 7.3 feet per second, thus Turner would have had less than two seconds from the time he glanced back to take evasive action to try to avoid being struck. Courts have held time and distance are important factors to consider in passing on the question of setting aside lookout findings. Biggers v. Continental Bus System, 157 Tex. 351, 298 S.W.2d 79, 303 S.W.2d 359. Mesa Trucking Co. v. King (Tex.Civ.App.) 376 S.W.2d 863 (Ref. N.R.E.). The jury properly exonerated Turner for his failure to

remove himself from the path of the Clark car.

■ It has also been held that the failure to keep a proper lookout can be deemed a proximate cause only where "the keeping of it would have prevented the unfortunate occurrence". Texas & P. Ry. Co. v. Shoemaker, 98 Tex. 451, 84 S.W. 1049. Taylor v. Brooks (Tex.Civ.App.) 392 S.W.2d 878 (Ref. N.R.E.). The trial court defined "proximate cause" in substance, and without objection, as a cause in a natural and continuous sequence, which produces an event and without which the event would not have occurred; and in order to be a proximate cause, it must have been reasonably foreseen that such event, or some similar event, was likely to have resulted from such cause. The definition properly invokes causation and foreseeability. Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560. Under the facts and circumstances shown here we find insufficient evidence to show Turner's lookout was the cause of the accident or to support the foreseeability which are prerequisites to proximate cause.

Turner saw the Clark car approaching at a normal speed; he was signalling with his flag and arm for Clark to stop; he assumed Clark would stop when he discovered Clark was still moving toward him from 10 to 12 feet away. At this time Turner then "froze". The jury's finding that he was not negligent in failing to step over to the side of the road is not challenged. In fact the evidence supports the conclusion he did not have sufficient time to take such evasive action. When all of the evidence is presented, both that supporting the jury finding and that contrary thereto, we think the jury findings are against the great weight and preponderance of the evidence.

■ Appellee brings forward a counter point to the effect any error of the jury findings would become immaterial and harmless since the plaintiff could not recover by reason of the doctrine of "volenti". It is the defendant's contention "volenti" applies for the reason Turner admitted he was working in a dangerous place and that in spite of such knowledge he accepted the employment. This contention cannot be sustained. "Volenti" is an affirmative defense and the burden of pleading and proof is upon the defendant. The requirements of such a defense are (1) The plaintiff has knowledge of facts constituting a dangerous condition or activity, (2) He knows the condition or activity is dangerous, (3) He appreciates the nature or extent of the danger, (4) He voluntarily exposes himself to this danger. J. & W. Corporation v. Ball (Sup.Ct.) 414 S.W.2d 143 (Opinion dated January 11, 1967). These issues were not requested and were not submitted. The appellee thereby waived this defense. Rule 279, Texas Rules of Civil Procedure.

■ Even in the event these elements of "volenti" or assumption of risk had been properly submitted and jury findings obtained, this defense is not applicable to the facts and circumstances of this case. In automobile collision cases involving negligence of third parties, the doctrine of assumed risk is not available. Brock v. Worth Construction Company (Tex.Civ. App.) 344 S.W.2d 752 (Ref. N.R.E.). American Cooperage Company v. Clemons, 364 S.W.2d 705 (Ref. N.R.E.) Regardless of the hazardous conditions under which Turner worked, Clark still owed a duty not to harm him. This is clearly a case that was correctly tried on the basis of negligence and contributory negligence.

The judgment of the trial court is accordingly reversed and the cause is remanded.