Richard G. CAGE, Appellant,

v.

Aurora Esperanza GUERRA et al.,
Appellees.

No. 15276.

Court of Civil Appeals of Texas,
San Antonio.

May 8, 1974.

Rehearing Denied July 3, 1974.

———◆———

Groce, Locke & Hebdon, James D. Guess, San Antonio, for appellant.

Harry S. Jones, Bellaire, Hope, Henderson, Hohman & Georges, James E. Hope, Lang, Cross, Ladon, Boldrick & Green, A. Ryland Howard, San Antonio, for appellees.

CADENA, Justice.

Richard G. Cage, one of several defendants below, appeals from an order of a Bexar County district court overruling his plea of privilege to be sued in Brooks County, the county of his residence.

The litigation arose out of a vehicular collision on U. S. Highway 281, in Brooks County, which took the lives of four persons. The suit was filed in Bexar County by Aurora Esperanza Guerra, individually and as next friend of her two minor children, to recover for the wrongful death of her husband, Hector Guerra, the father of the two minors, as a result of the collision. Named as defendants in this suit were appellant, Richard G. Cage, Jewel Foliage Co., a corporation having its principal office in Bexar County, and Mary Louise Tryon, administratrix of the estate of Charles Robert Tryon, her husband, who was also killed in the collision. Plaintiffs' pleadings alleged that Mrs. Tryon is a resident of Bexar County.

Plaintiffs alleged that Charles Robert Tryon was driving a truck in the southbound lane of the highway in a southerly direction, while Guerra was driving a truck, in a northerly direction, in the northbound lane of the highway, when a horse owned by appellant appeared in the southbound lane in front of the Tryon truck. The truck struck the horse and veered to the left, crossing the center line of the highway and crashing head-on into the truck being driven by Guerra. It was alleged that appellant was negligent in allowing his horse to roam at large on the highway, while Charles Robert Tryon was negligent in operating his truck on the left side of the road. The pleading alleged that Charles Robert Tryon, at the time of the accident, was the agent and employee of Jewel Foliage Co., and, at that time, was acting in furtherance of his employer's business.

Mrs. Tryon, in her capacity as administratrix of the estate of her deceased husband, answered plaintiffs' petition and, in addition filed a cross-claim to recover for the death of her husband and two minor children and, as next friend of her minor daughter, to recover damages for the death of the minor's father. Recovery was sought against appellant and others, not parties to this appeal. This claim was grounded on the alleged negligence of appellant and the others in allowing the horse to roam free and onto the highway and in failing to maintain adequate fencing to prevent the horse from going on the highway. Mrs. Tryon sought no recovery from Jewel Foliage Co.

In their controverting affidavits, filed in answer to appellant's pleas of privilege, the Guerras and Tryons relied on several subdivisions of our venue statute, Article 1995, Vernon's Tex.Rev.Civ.Stat.Ann. However, in this Court they rely solely on Subdivision 4, which provides that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides.

■ The venue facts which must be established in order to maintain venue in Bexar County under Subdivision 4 are: (1) one defendant resides in Bexar County; (2) the existence of a bona fide claim against the resident defendant; (3) the party asserting his privilege is at least a proper party to the claim against the resident defendant. 1 McDonald, Texas Civil Practice, Section 4.10.2—(II), p. 434 (1965 rev.).

■ With reference to Mrs. Tryon's claim, there is no evidence concerning the residence of the persons, other than appellant, from whom recovery is sought, nor is there any evidence which even suggests the existence of a cause of action against such other persons. She clearly failed to establish the facts required to invoke Subdivision 4.

With reference to Mrs. Guerra's claim, the evidence establishes that Jewel Foliage Co., one of the persons from whom Mrs. Guerra seeks recovery, is a resident of

Bexar County. Appellant admits that the Guerras have alleged a cause of action against appellant and the resident defendant in a manner sufficient to establish that appellant is a proper party to the suit against the resident defendant. However, appellant contends that the Guerras failed to establish, by a preponderance of the evidence, each element of a cause of action against the resident defendant.

It was alleged that the southbound vehicle, which will be referred to as the Foliage vehicle, was being driven by Charles Tryon, who was the agent, servant of employee of the resident defendant, Jewel Foliage Co., and who was engaged in the furtherance of his employer's business. Appellant concedes that the evidence is sufficient to establish that Tryon was the employee of Jewel Foliage Co. and that, at the time of the accident, he was acting within the scope of his employment. But appellant contends that there is no evidence that Tryon was the driver of the Foliage truck and, therefore, no evidence that Tryon was guilty of any act of negligence which can be attributed to Jewel Foliage Co.

The evidence is sufficient to support the conclusion that the Foliage truck struck a horse in the southbound lane and veered across the center line of the highway and into the northbound lane, crashing head-on with the northbound truck which was being driven by Guerra. The only relevant evidence is found in the deposition, which was read into evidence by the Guerras, of Richard Barrett, a highway patrolman who arrived at the scene about 30 minutes after the collision occurred. He testified that the Foliage vehicle was a tractor-trailer, and that he found the tractor or cab portion, in the east bar ditch. The trailer portion of the Foliage vehicle had become disengaged from the cab and had overturned. It lay on its side, with the front portion in the northbound lane and the rear portion in the southbound lane. The

Guerra truck was also in the east bar ditch, north of the Foliage cab.

In addition to the body of Guerra, Barrett found three other bodies. One body was in the east bar ditch, near the improved shoulder. Barrett testified that this was the body of Charles Tryon. He found two other bodies, both of which were in the cab of the Foliage vehicle. He was unable to determine the age or sex of the bodies in the cab, and there is no evidence indicating that he was able to identify these two bodies.

Another officer on the scene found a driver's license "in the rubble of the wreckage and the debris." This driver's license bore the name Charles Robert Tryon, and from this Barrett concluded that Charles Robert Tryon was the driver of the Foliage vehicle at the time of the collision. This conclusion is the only evidence relating to the identity of the driver of the Foliage vehicle.

As already stated, there is no evidence relating to the identity, sex or age of the persons whose bodies were found in the cab of the Foliage vehicle.[1] The evidence gives no hint concerning the position of the bodies in the cab in relation to the driver's seat or the steering wheel. There is nothing to indicate that neither of these two persons was driving the truck at the time. There is nothing in the record to indicate that neither of these two persons possessed a driver's license.

 It is, we think, clear that Barrett's conclusion that Charles Tryon was driving the Foliage truck at the time of the collision consists of pure speculation and conjecture based solely on the fact that Charles Tryon's driver's license was found in the "rubble of the wreckage and the debris." The fact that a person's body is found outside a vehicle and that his driver's license is found in the rubble and debris does not make it more probable than

1. The officer's report, while marked as an exhibit and tendered in evidence, was excluded by the trial court.

**400**

not that such person, rather than one of the two persons whose bodies were found in the cab, was driving the vehicle. In the absence of evidence justifying the inference that Charles Tryon was driving the Foliage truck, there can be no basis for the conclusion that the collision was proximately caused by his negligence. We must hold that the evidence fails to establish a cause of action against the resident defendant and that, therefore, appellant's assertion of his privilege to be sued in Brooks County cannot be defeated by reliance on the exception found in Subdivision 4.

The judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to transfer the suit to the district court of Brooks County.