TOWN & COUNTRY MOBILE HOMES, INC., Appellant,

v.

John David BENFER et ux., Appellees.

No. 15416.

Court of Civil Appeals of Texas, San Antonio.

Sept. 17, 1975.

**524**

Joe E. Shaddock, Wichita Falls, for appellant.

Carter, Callender & Gonzalez, Marvin B. Zimmerman, Pete Kyle, Jr., Oscar Gonzalez, San Antonio, for appellees.

BARROW, Chief Justice.

Appellant, a Texas Corporation, has perfected its appeal from an order overruling its plea of privilege in the suit filed by appellees against appellant and Jerry Thomas, a resident of Bexar County, to recover damages for an alleged breach of warranty or fraudulent misrepresentation concerning a mobile home purchased by appellees.

Appellant is a resident of Wichita County. Appellees controverted the plea of privilege and asserted that venue can be maintained in Bexar County against appellant, the manufacturer of the mobile home, under Tex.Rev.Civ.Stat.Ann. art. 1995, Subdivisions 4, 7, 29a (1964), and Subdivision 31 (Supp.1975). The trial court overruled the plea of privilege after a non-jury hearing. There are no findings of fact or conclusions of law to indicate the basis for the court's action; however, the appellees urge an affirmance under the exception provided by Subdivision 4. While we are not restricted to this exception, it will be considered at the outset.

.The venue facts under Subdivision 4 are: (I) one defendant resides in the county of suit; (II) the party asserting his privilege is at least a proper party to the claim against the resident defendant; and (III) the plaintiff has a bona fide claim against the resident defendant. 1 McDonald, Texas Civil Practice, Section 4.10.2–(II) (1965 rev.); *Cage v. Guerra*, 511 S.W.2d 397 (Tex.Civ. App.—San Antonio 1974, no writ); *Ford Motor Credit Company v. Garcia*, 504 S.W.2d 931 (Tex.Civ.App.—San Antonio 1974, no writ).

The undisputed evidence establishes that in September of 1974, appellees purchased a mobile home from Jerry Thomas, a retailer of mobile homes. The deal was consummated at Thomas' place of business in Bexar County. Appellee, John David Benfer, testified that Thomas told him the mobile home manufactured by appellant had a quarter-inch sheathing on the siding which made it better than cheaper units. Benfer was interested in this feature in that his neighbor had a mobile home with plywood underneath it. The mobile home sold to appellees was not on the lot at the time as it was delivered to Thomas by appellant after appellees had agreed to purchase it. However, a model similar to the one purchased by appellees was on the lot and Thomas pointed out to Benfer the grade of plywood sheathing on this model unit. When the mobile home was delivered to appellees, they were given several written warranties signed by appellant, including one which specifically warranted that the mobile home was sheathed with one-fourth inch plywood beneath the pre-finished aluminum exterior wall surface.

Appellees subsequently discovered their mobile home did not contain this sheathing and brought suit for damages for breach of this warranty, or in the alternative, for fraudulent misrepresentation.

■ This testimony, which was uncontroverted, made out a cause of action against Thomas for breach of an express warranty under Section 2.313 of the Tex.Bus. & Comm.Code Ann. (Tex. UCC 1968). This section provides in part:

"(a) Express warranties by the seller are created as follows:

(1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

. . .

(3) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model."

Here although the mobile home actually purchased was not on the lot at the time the representation was made, Thomas showed a model to Benfer with the quarter-inch sheathing and represented to Benfer that the unit purchased by appellees also contained such sheathing. This representation was confirmed by the express warranty of appellant which was delivered with the trailer. See: Uniform Commercial Code, Comment, 7, p. 196, Tex.Bus. & Comm.Code Ann. (Tex. UCC 1968); Weintraub, Warranties Under the UCC, 53 Texas L.Rev. 60, 63, and 64 (1974).

■ These representations constituted an express warranty under Section 2.313(a)(1) and (3). *Bowen v. Young*, 507 S.W.2d 600 (Tex.Civ.App.—El Paso 1974, no writ); *Mobile Housing, Inc. v. Stone*, 490 S.W.2d 611 (Tex.Civ.App.—Dallas 1973, no writ). The testimony of Benfer that the mobile home purchased by appellees did not contain the sheathing as warranted by Thomas established a cause of action against Thomas, a Bexar County resident, for breach of the warranty. Since appellant was the manufacturer of said mobile home and made a written warranty that it contained such sheathing, appellant is clearly a proper party in the suit for damages for breach of the express warranty.

Venue is maintainable against appellant in Bexar County under Subdivision 4, and the trial court did not err in overruling appellant's plea of privilege. It is therefore unnecessary to consider the application of the other exceptions urged by appellant.

The judgment is affirmed.