Lawrence A. FOSTER, Jr., Appellant,

v.

H. E. BUTT GROCERY CO., Appellee.

No. 15707.

Court of Civil Appeals of Texas, San Antonio.

Feb. 23, 1977.

Rehearing Denied March 23, 1977.

Anthony T. Sortino, San Antonio, for appellant.

Thomas H. Crofts, Jr., Groce, Locke & Hebdon, San Antonio, for appellee.

BARROW, Chief Justice.

This is a venue action involving Subd. 4, Art. 1995, Tex.Rev.Civ.Stat.Ann. Appellant has perfected his appeal from an order entered after a non-jury hearing sustaining the plea of privilege of appellee and ordering the cause of action against appellee transferred to its residence of Nueces County.

Appellant brought this suit in Bexar County against Earl E. Richardson and appellee seeking to recover damages for injuries sustained when Richardson struck appellant in the face with his fist during a heated argument. Richardson was employed by appellee as a part-time security guard at one of its food stores in San Antonio and an argument ensued after Richardson accused appellant of shoplifting.

The venue facts under Subd. 4 are: (1) one defendant resides in the county of suit; (2) the party asserting his privilege is at least a proper party to the claim against the resident defendant; and (3) the plaintiff has a bona fide claim against the resident defendant. *Stockyards Nat. Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (1936); *Town and Country Mobile Homes, Inc. v. Benfer*, 527 S.W.2d 523 (Tex.Civ.App.—San Antonio 1975, no writ); 1 McDonald, Tex. Civ.Practice, § 4.10.2–(II) (1965 rev.).

The question before us on this appeal is whether the trial court abused its discretion in finding that appellant failed to prove his cause of action against Richardson, the resident defendant. Appellant alleged in his petition that "RICHARDSON, while acting in the course and scope of his employment with H. E. BUTT GROCERY CO., did maliciously and unlawfully strike Plaintiff in the face with his fist, . . . ." In his controverting plea appellant alleged that he had a cause of action against the resident defendant in that "RICHARDSON did maliciously and unlawfully strike Plaintiff in the face with his fist, causing great bodily injury as set forth in said Petition."

Richardson was the only witness at the venue hearing and appellant concedes for the purpose of this appeal that there is evidence that Richardson was acting in self-defense. He urges, however, that the question of self-defense is in the nature of an affirmative defense and immaterial in a plea of privilege hearing. Appellant asserts that when he proved that Richardson intentionally struck him in the face, he established, as a matter of law, a cause of action for assault and battery.

A similar contention was considered and rejected by the Supreme Court in *Grieger v. Vega*, 153 Tex. 498, 271 S.W.2d 85 (1954). This was a suit for damages for wrongful death wherein the Court was required to decide the question of which party had the burden of proof where the evidence raised self-defense. The Court recognized at the outset that the authorities were conflicting on this question. It is clear from the opinion that Vega vigorously relied on the holding of *Cameron Compress Co. v. Kubecka*, 283 S.W. 285 (Tex.Civ.App.—Austin 1926, writ ref'd). After a full review of the authorities, it was held that if plaintiff proved an intentional killing, he has met his burden of showing that the death was wrongful. However, if the evidence raises an issue of justification, such as self-defense, the plaintiff has the burden of proof to overcome the evidence of self-defense. Otherwise, plaintiff fails to prove his cause of action that the death was wrongful. This holding was followed in *Bradford v. Fort Worth Transit Company*, 450 S.W.2d 919 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.). *See also McMurrey Corp. v. Yawn*, 143 S.W.2d 664 (Tex.Civ.App.—Texarkana 1940, writ ref'd).

In *Southern Pacific Company v. Castro*, 493 S.W.2d 491 (Tex.1973), the Supreme Court quoted with approval the holding in *Grieger* to the effect that the burden of proof was upon plaintiff where the issue of self-defense was raised by the evidence. The Court applied this reasoning in adopting the rule that the burden of proof on a contention of excuse is on the party who asserts that his adversary has been guilty of negligence per se. *See also Hammer v. Dallas Transit Co.*, 400 S.W.2d 885 (Tex. 1966).

It is settled law that, with the exception of the rule of evidence which gives a person accused of a crime the benefit of a reasonable doubt, the law of self-defense is the same in both civil and criminal cases. *Fambrough v. Wagley*, 140 Tex. 577, 169 S.W.2d 478 (1943); *March v. Walker*, 48 Tex. 372 (1877). Clearly a defendant charged with an assault under Sec. 22.01[1] would be entitled to an instruction embracing the element of self-defense as defined under Sec. 9.31[1] where the evidence raises such issue. Thus, if the defendant was acting in self-defense, the assault would not be unlawful. Under Rule 277, Tex.R.Civ.P., a similar instruction should be given in connection with an issue inquiring as to whether the defendant committed an assault and

1. Texas Penal Code Ann.

battery upon plaintiff. *Cf. Pon Lip Chew v. Gilliland*, 398 S.W.2d 98 (Tex.1965).

■ The trial court impliedly found that appellant failed to discharge his burden of establishing that Richardson was not acting in self-defense at the time he struck appellant. Appellant concedes that there is evidence to support such finding. Thus, appellant failed to discharge his venue burden of proving that Richardson unlawfully struck him. He therefore failed to establish a cause of action against the resident defendant. The trial court did not err in sustaining appellee's plea of privilege.

The judgment is affirmed.

CADENA, Justice, dissenting.

I cannot agree with the proposition that in a civil action for damages resulting from assault the burden is on plaintiff to prove that defendant did not act in self-defense or defense of property.

In this opinion the term "burden of proof" will be used to refer to the burden of persuasion or, as it is sometimes called, the risk of non-persuasion. The person bearing this onus must, if he is to prevail, convince the trier of fact that certain facts exist or that certain facts do not exist. This burden is to be distinguished from what is sometimes called the "burden of producing evidence," which refers to the obligation of a party to introduce evidence when such evidence is necessary to avoid the risk of a directed verdict or peremptory finding against him on a material issue of fact. Ordinarily, once the burden of proof is allocated to one party or the other, it remains on his shoulders throughout the trial. This is what is meant when it is said that the

burden of proof never shifts.[1] On the other hand, the burden of producing evidence does shift back and forth during the trial according to the nature and strength of the evidence offered in support or denial of the fact sought to be established. Where the evidence is such that it would not support an instructed verdict or peremptory finding, the burden of producing evidence concerning a particular fact rests on no one.

The location of the burden of proof is known prior to the commencement of the trial, and its location is generally determined by examination of the pleadings.

There can be no doubt that, as a general rule, the burden of proof of the factual elements constituting an affirmative defense is on the defendant. The first sentence of Rule 94, Tex.R.Civ.P., requires that a party "set forth affirmatively" 19 expressly enumerated defenses "and any other matter constituting an avoidance or affirmative defense." As to each defense specifically mentioned, the law was, and is, that the burden of proof was on the party asserting it.[2]

Rule 94 does not mention self-defense or defense of property. But it is clear that self-defense is a matter "constituting avoidance or affirmative defense." Affirmative defenses are considered as acknowledging the existence of prima facie liability and as asserting propositions which, if established, avoid such liability. *Moulton v. Alamo Ambulance Service, Inc.*, 414 S.W.2d 444 (Tex. 1967). Self-defense has the effect of avoiding liability where it otherwise might attach. For the purpose of the plea, a defendant who relies on self-defense does not dispute the allegations of fact contained in

1. The statement is too broad. See 1 McCormick & Ray, Texas Law of Evidence § 46, p. 46 (1956); Morgan, Some Observations Concerning Presumptions, 44 Harv.L.Rev. 906, 928 n. 35 (1931).

2. The last sentence of Rule 94 provides that in a suit to recover on an insurance policy which *contains* provisions limiting the liability of the insurer, the insurer may not rely on any such exception unless it specifically pleads that the loss was due to an excepted risk. The burden is on one seeking to recover on a policy of insurance to prove that the loss resulted from one of the covered risks. That is, he must negative the applicability of the exceptions. This provision, which requires the insurer to plead the exceptions on which it relies, expressly provides that no change is intended in rules allocating the burden of proof. This last sentence of the Rule, then, does not deal with an affirmative defense, and it is significant that it is contained in a sentence separate from that which deals with affirmative defenses.

plaintiff's petition. Instead, it consists of a statement of facts which, independently of the facts alleged in plaintiff's pleadings, establish a reason why plaintiff cannot recover. To hold that self-defense is not a matter "constituting avoidance or affirmative defense" is to hold that self-defense is available to defeat plaintiff's action where defendant's answer consists solely of a general denial.

A person commits an assault if he intentionally causes bodily injury to another. Tex.Penal Code Ann. § 22.01 (1974). (Under the present Penal Code, the term "assault" embraces both of the older concepts of assault and of battery.) An entirely separate provision, found in a different title and chapter of the Penal Code, defines the situations, including self-defense, in which the use of force against the person of another is permitted. Tex.Penal Code Ann. § 9.31.

In this case, the plea of self-defense acknowledges that defendant intentionally caused bodily harm to plaintiff since, absent such intentional infliction of injury, there is no necessity for reliance on the doctrine of self-defense. It is nonsense for a person who has not engaged in certain conduct to attempt to justify the conduct in which he did not engage. Stated differently, the plea of self-defense admits the existence of fact which would otherwise give rise to a cause of action in favor of plaintiff, but asserts the existence of other facts which avoid the effect of the facts relied on by plaintiff.

What we are dealing with is the assertion of a privilege to engage in conduct which, but for the privilege, would render the actor liable. Traditionally, a party who invokes a privilege to engage in conduct which would otherwise be illegal has the burden of establishing the existence of the facts which give rise to the privilege, at least where his opponent has established the existence of facts which, absent the privilege, would subject the actor to liability.

An excellent analogy is found in the defamation cases. Article 5430, Tex.Rev.Civ. Stat.Ann. (1958), for example, defines "libel" in terms of a defamation expressed in writing or printing which tends to injure reputation. As in the case of assault, another provision, Article 5432, creates privileges to publish certain matters under described circumstances and provides that the exercise of such privileges shall not be made the basis of any action for libel. In *Denton Publishing Co. v. Boyd*, 460 S.W.2d 881, 884 (Tex.1970), the Supreme Court said:

> Privilege is an affirmative defense in the nature of confession and avoidance; and, except where the plaintiff's petition shows on its face that the alleged libelous publication is protected by a privilege, the defendant has the burden of proving that the publication is privileged.

*See also Mulcahy v. Cohen*, 377 S.W.2d 100 (Tex.Civ.App.—Houston 1964, writ ref'd n. r. e.); 36 Tex.Jur.2d Libel and Slander § 134 (1962).

No reason suggests itself for distinguishing between privileges which avoid liability for the intentional infliction of personal injury and privileges which avoid liability for the publication of libelous statements. Therefore, the holding in *Cameron Compress Co. v. Kubecka*, 283 S.W. 285 (Tex.Civ. App.—Austin 1926, writ ref'd), to the effect that the burden of proof on the issue of self-defense in a civil action rests on defendant should be followed, unless the cases relied on in the majority opinion compel a different conclusion.[3]

In *Grieger v. Vega*, 153 Tex. 498, 271 S.W.2d 85 (1954), it was held that in a suit arising under our wrongful death statute (Art. 4671, Tex.Rev.Civ.Stat.Ann. (1952) ) to recover damages for an intentional killing, the burden was on plaintiff to prove that the defendant did not act in self-defense. But it is clear from the opinion that this conclusion was based on the wording of the

---

**3.** A similar holding was made by this Court in *Sumner v. Kinney*, 136 S.W. 1192 (1911, no writ), where it was also said that the burden

rests on defendant to show that the injury was the result of accident.

statute, which gives a cause of action when death is caused "by the wrongful act, neglect, carelessness, unskillfulness, or default of another". The Supreme Court said, "It will be observed that 'wrongful act' is placed in the same category as the other grounds giving rise to a cause of action, from which it follows that the burden placed upon plaintiff to prove the death was caused by a 'wrongful act' is the same as that for death by negligence or any of the other grounds named." 271 S.W.2d at 89. Again, "The burden surely did not rest upon petitioner to prove that it [the death] was not wrongful, but was upon the respondent to prove that it was wrongful." 271 S.W.2d at 90. Nowhere in the opinion did the Supreme Court question the correctness of the *Kubecka* holding as applied to cases not arising under the wrongful death statute, although that decision was clearly called to the attention of the Court by the dissenting opinion. 271 S.W.2d at 92.

The opinion in *McMurrey Corp. v. Yawn*, 143 S.W.2d 664 (Tex.Civ.App.—Texarkana 1940, writ ref'd), does not concern itself with the allocation of the burden of proof with reference to self-defense. The verdict in favor of plaintiff in that case, which involved an action for wrongful death, was reversed because the trial court completely failed to give an instruction relating to self-defense. Insofar as the burden of proof is concerned, that portion of the opinion which discusses the law of self-defense is couched in language which indicates that the burden of proof on that issue lies with defendant. For example, the Court said, "If from [defendant's] standpoint, . . . it reasonably appeared to him that he was in danger of death or serious bodily injury, under the law he had the right to defend against such apparent danger to the same extent as if the danger were real, and if he shot and killed the deceased under such circumstances the killing would not be 'wrongful.'" The proposition is stated in terms of "If A, then not B," rather than in terms of "If not A, then B."

The other cases cited as supporting the majority's conclusion are cases sounding in negligence. They establish the proposition that only an unexcused violation of a penal statute calls for the application of the doctrine of negligence per se, or, stated differently, that only an unexcused violation of a penal statute constitutes negligence per se. Negligence is the failure to act as an ordinary prudent person would act under the same or similar circumstances. Throughout the trial the burden of proving that defendant's conduct falls short of satisfying the ordinary prudent man standard is on the person relying on the existence of negligence. The rationale behind the rule that the burden of proving that the violation was unexcused is on plaintiff is expressed in *Phoenix Refining Co. v. Powell*, 251 S.W.2d 892, 896–7 (Tex.Civ.App.—San Antonio 1952, writ ref'd n. r. e), as follows:

1. A violation of a penal statute which contains an appropriate standard for determining civil liability, constitutes negligence as a matter of law.

2. This rule is not inexorable. The party violating the statute may assume the burden of going forward with the evidence and raise an issue as to an excusable violation.

3. If said party bring forward sufficient evidence to raise the issue . . . ., then the issue of negligence determined by the reasonably prudent man standard should be submitted.

4. The burden of proof upon this issue rests with the party asserting negligence, for upon him rests the burden of proof as distinguished from the burden of going forward with the evidence.

In *Impson v. Structural Metals, Inc.*, 487 S.W.2d 694, 696 (Tex.1972), our Supreme Court expressly approved "the general treatment of legally acceptable excuses as set out in the Restatement [Torts] Second" for violation of a penal ordinance.

According to § 288A, Restatement 2d, Torts (1965), insofar as the doctrine of negligence per se is concerned, a violation of a penal statute is excused when (a) the violation is reasonable because of the actor's incapacity; (b) he neither knows nor should

know of the occasion for compliance; (c) he is unable after reasonable diligence or care to comply; (d) he is confronted by an emergency not due to his own misconduct; (e) compliance would involve a greater risk of harm to the actor or to others.

The accompanying comments and illustrations establish that a violation is excused only when an ordinary prudent man under the same or similar circumstances would have acted as did the defendant. The "defense" of excuse, then, is in reality no more than a denial by defendant that he was negligent. Stated simply, evidence of excuse is evidence of non-negligence.

The distinction between negligence cases and cases involving the intentional infliction of injury is, I think, clear. The elements of a cause of action for intentional bodily injury are (1) an injury, (2) intentionally inflicted. Evidence that defendant inflicted the intentional injury in the exercise of his privilege of self-defense is not a denial that he inflicted an injury and that he did so intentionally. On the other hand, bearing in mind the limited nature of the acceptable excuses for violation of a penal ordinance, evidence of excuse tends to establish the absence of negligence, an essential element of plaintiff's cause of action. Evidence of excuse is in the nature of a denial, while evidence of self-defense is in the nature of confession and avoidance.

An example of the distinction is found in *Halepeska v. Callihan Interests, Inc.*, 371 S.W.2d 368 (Tex.1963), where our Supreme Court discussed at length the difference between the "no duty" doctrine and the doctrine of *Volenti non fit injuria.* As between the occupier of land and his "invitee," the former is under no duty to warn of the existence of "open and obvious" dangers. Evidence that the dangerous condition was open and obvious, then, is evidence of the absence of negligence, and the burden is on plaintiff, who must prove negligence, to "negative 'no duty'." 371 S.W.2d at 378. On the other hand, the *volenti* doctrine is an affirmative defense. 371 S.W.2d at 379. A defendant who relies on the "open and obvious" or "no duty" doc-

trine says, in effect, "I was not negligent." The defendant who relies on *volenti* says, "I was negligent, but   .   .   .." The burden of proving the facts which make the doctrine of *volenti* applicable is on the defendant. *Turner v. Clark*, 412 S.W.2d 707 (Tex. Civ.App.—Amarillo 1967, writ ref'd n. r. e.).

In the absence of statute which requires a different conclusion, as does our death statute in the light of the manner in which it was construed by the Supreme Court in *Grieger*, the party who relies on the doctrine of self-defense should have the burden of establishing the existence of facts which give rise to the privilege. This is the generally accepted view in this country. Prosser, Law of Torts § 19, p. 109 (4th ed. 1971).