## CAMERON COMPRESS CO. v. KUBECKA. (No. 6966.) *

(Court of Civil Appeals of Texas. Austin. March 10, 1926. Rehearing Denied April 7, 1926.)

**1. Master and servant ⚖➡302(3)—Proof of assault by employee in course of employment establishes prima facie case against master, under "respondeat superior" doctrine.**

Proof of assault by employee in the course of his employment establishes a prima facie case against the master, as the act of the servant is the act of the master, for which he is liable, under the doctrine of "respondeat su-

perior," which literally means, "Let the principal answer."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Respondeat Superior.]

**2. Assault and battery ⚖➡26.**

All assaults are presumed unlawful.

**3. Evidence ⚖➡91.**

The burden of proof rests on the party who holds the affirmative of an issue or proposition of fact.

**4. Evidence ⚖➡91—Plaintiff must establish issues pleaded as basis of cause of action, and defendant must establish matters specially pleaded as a defense.**

Plaintiff must establish by a preponderance of the evidence issues pleaded as a basis of his cause of action, and defendant must establish by a preponderance of the evidence all matters specially pleaded as a defense.

**5. Master and servant ⚖➡327 — Self-defense justifying assault by servant will justify master, under rule of "like immunity."**

Self-defense which excuses or justifies an assault of the servant will excuse or justify the master in all cases, under the rule of "like immunity," as the act of the servant is the act of the master.

**6. Assault and battery ⚖➡24(2), 26—In action against master for assault on employee, self-defense is an affirmative defense, which must be specially pleaded, and the burden rests on defendant.**

In action against master for assault of employee, self-defense is an affirmative defense, which must be pleaded specially and proved by defendant, as it is a plea of justification and the burden of justifying rests on defendant.

**7. Assault and battery ⚖➡24(2).**

A plea of "son assault demesne" admits the offense charged and seeks to avoid it on the ground of self-defense.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Son Assault.]

Appeal from District Court, Milam County; John Watson, Judge.

Action by D. J. Kubecka against the Cameron Compress Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Henderson, Kidd & Henderson, of Cameron, and Collins & Houston, of Dallas, for appellant.

Winbourn Pearce and W. W. Saulsbury, both of Temple, for appellee.

BLAIR, J. Appellee sued appellant, a corporation, for damages resulting from injuries received at the hands of John Hause, an employee of appellant, who committed an assault upon him. Appellee sought a recovery under the doctrine of respondeat superior, alleging and proving the following facts: Hause was employed by appellant as cotton weigher at defendant's warehouse. He also

guarded and protected the warehouse and yards of his employer as a part of his duties. A disastrous fire broke out in the yards and warehouse and consumed a large number of bales of cotton stored with it. Appellant instructed its employee, Hause, to keep any one from going in and upon its premises. After the fire had subsided, appellee went on the premises for the purpose of checking up and determining what cotton bales, if any, belonging to him were left on the premises. Hause told him that he could not do so, but appellee insisted, and, taking a list of his cotton, began checking and inspecting it. Hause went to him and told him ·to desist, and while undertaking, in the course of his employment, to prevent appellee from checking and inspecting his cotton, made an assault upon him with a large cudgel or scantling, striking him on the head with it and inflicting serious injuries.

A general demurrer and general denial was filed by appellant, and it further specially pleaded that if its employee struck appellee he did so in his own self-defense, and appellant was therefore not responsible for the act.

The jury found upon special issues submitted that Hause was acting within the scope of his employment when he struck appellee, that he struck him as alleged, and that his damages were the sum of $8,000. Special issue No. 3 reads as follows: "Did John Hause strike plaintiff D. J. Kubecka, in self-defense? Answer 'Yes' or 'No.'" The jury answered the question "No." The court charged as to the burden of proof on this issue the following: .

"The burden of proof is upon the defendant to establish by a preponderance of the evidence, no matter from which side adduced, the affirmative of special issue No. 3."

Appellant objected to the charge, contending that under the rule of respondeat superior appellee had to show by a preponderance of the evidence that Hause was acting in the course of his employment in committing the assault, and that if Hause was acting in self-defense he was not acting in the course of his employment, and therefore the burden was on appellee to show that Hause did not commit the assault in self-defense.

[1, 2] We do not sustain the contention. The doctrine or principle of "respondeat superior" has been recognized in all jurisdictions, and literally means, "Let the principal answer." 34 Cyc. 617, quoting vol. 3, Bouv. Law Dict. p. 2922. As applied to this case it simply means that if Hause, the employee, while engaged in the work of the master, made an assault upon appellee, his act in making such assault is the act of appellant. The law is founded upon the principle that the master is liable because he has set in motion the agency that produced the wrong. The rule has been held especially applicable

to corporations, because they have no hands, and must necessarily perform all their acts through servants. Woods on ·Master and Servant, 571; Railway Co. v. Kirk, 1 N. E. 849, 102 Ind. 399, 52 Am. Rep. 675; 18 R. L. C. 801; Dillingham v. Russell, 11 S. W. 139, 73 Tex. 47, 3 L. R. A. 634, 15 Am. St. Rep. 753; Haehl v. Wabash Ry. Co., 24 S. W. 737, 119 Mo. 325.

Under these authorities appellee was only required to allege and · prove by a preponderance of the evidence that Hause committed the assault on him in the course of his employment, and, aided by the presumption that all assaults are unlawful, he thereby made a prima facie case against appellant. Johnson v. Daily, 118 S. W. 530, 136 Mo. App. 534; Robertson v. Sisk, 171 S. W. 880, 115 Ark. 461; Hardy v. Schirmer, 124 P. 993, 163 Cal. 272; Haverbekken v. Johnson (Tex. Civ. App.) 248· S. W. 102; St. John v. Eastern Ry. Co., 1 Allen (Mass.) 544; Croft v. Smith (Tex. Civ. App.) 51 S. W. 1089.

Appellant concedes that he made such proof in the first instance, and that he thereby made a prima facie case against it. Appellant also concedes that the burden at least of going forward with the case then shifted to it, which it met by offering proof tending to show Hause· acted in his own necessary self-defense in committing the, assault. Up to this point there is no dispute as to the duties imposed upon the parties with respect to the application of the two well-established senses in which the "burden of proof" or "burden of going forward with the case" is concerned; but when the evidence was all in, and the case was ready for submission to the jury, the question arose as to the burden of proof in its true sense as to which party was obligated to satisfy the jury by a preponderance of the evidence upon the issue of self-defense. The court placed'this burden upon appellant, who specially pleaded it as a defense, which we think is correct.

[3, 4] The fundamental rule, sanctioned by the best authorities, is that the burden of proof rests upon the party who holds the affirmative of an issue or proposition of fact. Amr. & Eng. Ency. of Law, vol. 5, p. 23. "But it is one of those rules which operates alike for the plaintiff and the defendant." Boswell v. Pannell, 180 S. W. 593, 107 Tex. 438. The authority first cited holds the general test in determining who has the affirmative of an issue to be "which party would be successful if no evidence at all were given." A particular test rests with the pleadings, which usually show who asserts and who denies, and, as stated in Boswell v. Pannell, supra, the plaintiff must establish by a preponderance of the evidence the issues pleaded as a basis of his cause of action, and in like manner the defendant must establish by a preponderance of the evidence all matters specially pleaded as a defense to plaintiff's cause of action.

[5] Appellant voluntarily and specially pleaded self-defense in bar of appellee's cause of action in this case. It now contends that self-defense was an affirmative matter available only to Hause, the servant who committed the assault, in a suit against him, which he would have been required to plead and prove in bar of the action, but that no such defense was available to it, the master, and that, although it pleaded self-defense of its employee, it was simply one way of denying appellee's allegations that the servant was acting in the course of his employment, and therefore not a defensive matter that it was required to prove. The contention is without merit.

In the case of Boswell v. Pannell, supra, the Supreme Court held:

"Barrow voluntarily made and relied upon this defense, and assumed the burden to prove it by a preponderance of the evidence. He need not have done so; he could have relied entirely on the failure of the plaintiff, Pannell, to prove his case, standing upon his bare denial of the plaintiff's allegations of fraud and notice of fraud, and confined his defense to evidence rebutting the plaintiff's case. But Barrow did not see proper to go to trial upon pleadings which would not require the court to charge any defense to the jury except the defense that if the plaintiff, Pannell, had failed to establish his case by a preponderance of evidence, to return a verdict for him. He pleaded enough that the court would be called upon to go further and charge the jury that if Barrow purchased the land without any notice of the alleged fraud, and for a valuable consideration, they should return a verdict in his favor."

This case conclusively decides the question at issue against appellant. Appellant Compress Company did not rely in this case on failure of plaintiff to prove his allegation by reason of its general denial placing the burden of proof upon appellee to prove that the assault was committed by Hause in the course of his employment, but, in addition, it alleged that the assault was committed in defense of the person of the employee, and in doing so it took the affirmative of the issue. Appellant recognized that self-defense was a matter to be specially pleaded by it, for it so pleaded it. It cites no authority to hold and no objection was raised in this case to its pleading self-defense as a bar to appellee's cause of action. In the case of Dallas Ry. Co. v. Pettit, 105 S. W. 42, 47 Tex. Civ. App. 354, the court held:

"If the blow was struck in the just and lawful exercise of the right of self-defense and no more force was used than was necessary, then the conductor was free from all civil liability therefor and appellants 'must also be entitled to like immunity.'"

The term, "like immunity," as used in that case, simply means that, since the servant is justified because he committed the assault in self-defense, the master is also justified. The exemption does not arise because the assault was not in the course of employment, but because the party assaulting was justified. The contention of appellant in this connection, that the "like immunity" rule applies only in railroad cases where the master is compelled by statute to protect its passengers from assault, is without merit. That question relates to the matter of liability, rather than to the questions of pleadings and of the burden of proof. The rule of "like immunity" is based upon the rule in respondeat superior, which declares the act of the servant to be the act of the master, and that which excuses or justifies the one will in like manner excuse and justify the other.

[6, 7] The plea of self-defense is a plea of justification, and is therefore an affirmative defense. The universal rule is that when an assault or battery has been proved it then devolves upon the defendant to justify or show facts in mitigation. It is also the general rule that self-defense is an affirmative matter, and that the burden of pleading and proving it is upon the defendant. 5 C. J. 664, and cases there cited; 5 Amr. & Eng. Ency. of Law, p. 34, and cases there cited in note No. 1; Wharton on Evidence (3d Ed.) vol. 1, p. 302; Elliott on Evidence, vol. 3, p. 118. Even in jurisdictions where the rules of pleading do not require the pleading of special defenses, still the party claiming the affirmative defense must prove it. 5 Amr. & Eng. Ency. of Law, 26; Bell v. Skillicorn, 28 P. 768, 6 N. M. 399; Greenleaf v. Birth, 6 Pet. 302, 8 L. Ed. 406; Williams v. Peyton, 4 Wheat. 77, 4 L. Ed. 518; Powers v. Russell, 13 Pick. (Mass.) 76. And by this is meant the burden of proof in its true sense. Or in other jurisdictions, where a master may offer evidence that his servant committed the assault in self-defense under a general denial, it "would be a good defense, not of son assault demesne, but that it was not appellant's trespass." Oakland City Agri., etc., Soc. v. Bingham, 31 N. E. 383, 4 Ind. App. 545. But such rule does not apply where the master specially pleads self-defense as a justification of the servant's act. In fact, in many jurisdictions, where self-defense is specially pleaded, it is construed as an admission of the plaintiff's cause of action, entitling the defendant to open and conclude the argument, not upon the theory that the assault of the servant was not in the course of employment, but that it was justified. A plea of son assault demesne admits the offense charged, but seeks to avoid it on the ground of self-defense. "The better and proper rule is that the defense of self-defense, to be available, must be pleaded specially, and cannot be shown under the general issue." 5 C. J. 657, § 85, and cases cited in notes 22, 23, and 24. Appellant contends that these rules apply only where the suit is against the party committing the assault. The authority, 39 C. J. pp. 1224, 1268, 1354, and 1355, under the gen-

eral topic, "Master and Servant," holds and cites many authorities in support of the text that in actions against the master to recover injuries sustained through the acts of the servant that the general rules as to pleading, proof, variance, burden of proof, presumptions, and instructions to the jury apply. No case is cited by appellant holding the contrary. It cites as conclusively supporting its contention the case of New Ellerslie Fishing Club v. Stewart, 93 S. W. 598, 123 Ky. 8, 9 L. R. A. (N. S.) 475, but it does not do so. The question there presented was whether the appellant master who had specifically pleaded self-defense had the right to open and conclude the argument under the decisions of that state. In that case the servant was also sued for the assault. The court held that, as to the servant, the plea of self-defense was an admission of plaintiff's cause of action, and as to him the right to open and conclude was available, but that as to the master, who had pleaded many other defense matters which required plaintiff to make out his case in the first instance, that right was not available, the court holding:

"To recover against the fishing club under these pleadings it was necessary for Stewart to prove that Proctor, at the time of this assault, was not only an employee of the fishing club, but that he was acting within the line of his authority."

The court then placed the burden of proof upon plaintiff under a well-established rule, which is not involved here. We submit that this case rather supports the view we take of the law governing this case, if it can be said to pass upon the question here involved, for it holds that the burden of proof is upon one asserting self-defense to prove it, at least in so far as the servant is concerned, and intimates that if the master had not precluded himself by other defensive pleadings he would have been entitled to invoke the rule, assuming its burdens and obtaining its benefits.

The judgment of the trial court will be affirmed in all things.