**GREAT WESTERN LOAN & TRUST COMPANY, Appellant,**

v.

**George RODRIGUEZ et ux., Appellees.**

**No. 3358.**

Court of Civil Appeals of Texas.

Waco.

May 10, 1956.

Gibbon, Klein & Ferrero, Harlingen, Gordon Gibson, Laredo, for appellant.

Pope & Pope, Philip A. Kazen, Laredo, for appellees.

TIREY, Justice.

Appellant brought this suit on a promissory note secured by chattel mortgage lien upon household furniture. Appellees admitted execution of the note and mortgage, but filed a cross-action for actual and exemplary damages because of an alleged assault and battery which appellees claim was committed on appellee's wife by plaintiff while seeking possession of the mortgaged property. At the conclusion of the testimony the court overruled appellant's motion for instructed verdict and judgment, except he found for appellant in the amount of its debt, interest and attorney's fees, and that it was entitled to have its mortgage lien foreclosed. The court submitted the cross-action to the jury and the jury in its verdict found substantially that appellant, through its agents and employees, committed an assault and battery upon the person of Mrs. Rodriguez on or about March 31, 1954, and that such assault and battery was a proximate cause of injuries sustained by Mrs. Rodriguez on the occasion in question, and that she had sustained actual damages for mental and physical suffering to the amount of $3,000. The jury also awarded exemplary damages in the amount of $7,000. The court in its judgment decreed that appellant had a valid debt and lien in the amount of $774.56, with interest thereon from date of judgment at the rate of 10% per annum and that it was entitled to an order of sale to satisfy said debt; however, the judgment decreed that the $774.56 be offset against the $3,000 actual damages awarded to appellees, leaving a balance of $2,255.44 to appellees on their cross-action and awarded interest on said sum from the date of judgment until paid at the rate of six per cent per annum. The court granted appellant's motion to disregard the jury's answer on the issue of exemplary damages and the appellees timely excepted to this order of the judge and gave notice of appeal to the Court of Civil Appeals at San Antonio. Appellant seasonably filed its amended motion for new trial, which was overruled, and perfected its appeal to the San Antonio Court of Civil Ap-

peals and the cause is here on order of transfer entered by our Supreme Court.

The judgment is assailed on eight points. They are substantially: (1) the error of the court in overruling appellant's motion for instructed verdict in its favor on cross-action asserted by appellees; (2) in failing to sustain appellant's objection to Special Issue No. 2 and in refusing to submit appellant's requested Special Issue No. 2 in the absence of jury finding that Mrs. Rodriguez had suffered injury from assault and battery committed upon her and such issue as submitted is a charge upon the weight of the evidence; (3) in failing to sustain their objection to Special Issue No. 3 and in refusing to submit appellant's requested Special Issue No. 3 because Issue No. 3 as submitted failed to give the jury proper instructions as to matters that might be considered by them in considering damages; (4) in failing to sustain objection to Special Issue No. 3 and in refusing to submit appellant's Special Issue No. 3 because Special Issue No. 3 as submitted did not require the jury to find the damages, if any, by a preponderance of the evidence, if any, and therefore did not properly place the burden of proof on appellees; (5) in overruling appellant's objection to Special Issue No. 3 and in refusing to submit appellant's requested Special Issue No. 3 because Issue No. 3 as submitted constituted a charge on the weight of the evidence because the charge assumes that appellee underwent mental and physical suffering; (6 and 7) the court erred in rendering judgment for appellees and overruling appellant's motion for new trial in that the answer of the jury to Special Issue No. 3 is so highly excessive as to indicate clearly that bias, passion and prejudice dictated the verdict of the jury rather than reason and justice, and the court should require a remittitur of at least $2,750; (8) in not granting a mistrial because of the inflammatory and prejudicial argument of appellees' counsel, as shown by appellant's bill of exception.

We overrule appellant's first point, but in view of the fact that the cause on the cross action will have to be reversed and remanded, we refrain from making any comment on this point.

Appellant's points 2, 3 and 4 require a statement. Pertinent to this discussion we think it is necessary to quote certain parts of the court's charge:

"Special Issue No. 1: Do you find from a preponderance of the evidence that the cross-defendant, its agents and employees, committed an assault and battery upon the person of Mrs. Guadalupe E. Rodriguez upon the occasion in question, on or about March 31, 1954?" and the jury answered "Yes."

"Special Issue No. 2: Do you find from a preponderance of the evidence that the assault and battery was the proximate cause of the injuries, if any, suffered by Mrs. Guadalupe E. Rodriguez upon the occasion in question?" and the jury answered "Yes."

"Special Issue No. 3: What sum of money do you find if paid now in cash would fairly and reasonably compensate the cross-plaintiffs for the damages, if any, suffered by Mrs. Guadalupe E. Rodriguez as the proximate result of the assault and battery?

"In this connection you are instructed that you may take into consideration any mental and physical suffering undergone by her from the time of the occasion in question up to the date of this trial" and the jury answered "$3000.00."

Appellant seasonably objected to the court's charge and we quote the pertinent part of these objections:

Objection 2: "Cross defendant objects to the absence in the court's charge of any issue on whether or not Mrs. Guadalupe E. Rodriguez sustained any injuries and suggests to the court that special issue should be submitted as follows: 'Do you find from a preponderance of the evidence that Mrs. Guadalupe E. Rodriguez sustained in-

juries by reason of the assault and battery, if any, committed upon her person' or an issue to same effect.

"For the failure to submit the issue on whether or not Mrs. Guadalupe E. Rodriguez sustained injuries, this cross defendant objects to said charge and excepts thereto."

Objection 3: "Cross defendant especially objects to Special Issue No. 2 for the reason that (it) assumes that an assault and battery was committed and fails to put in the words 'if you have found that assault and battery was committed' after the words 'assault and battery'; that as written this issue is a comment on the weight of the evidence and is a suggestion by the court that an assault and battery was committed upon Mrs. Guadalupe E. Rodriguez upon the occasion in question. For said reason this cross defendant respectfully objects to said issue and requests that the words 'if you have found that assault and battery was committed' be added to said special issue."

Objection 4: "Cross defendant excepts and objects to Special Issue 3 for the reason that it is a comment upon the weight of evidence by the court and assumes that an assault and battery was committed by the agent or employee of cross defendant and respectfully requests and suggests that after the words 'assault and battery' the words 'if you have so found that assault and battery was committed by an agent or employee of the cross defendant' be added."

Objection 5: "Cross defendant excepts and objects to the explanation and instruction as to what the jury may take into consideration because it does not limit them from considering other matters and the jury should be instructed that they are not to consider any other items such as loss of earnings, medical bills, loss of time or any other items not pleaded or proven in the case

and suggests and respectfully requests that the words 'you may take into consideration only any mental and physical suffering undergone by Mrs. Guadalupe E. Rodriguez as a direct and proximate result of any injuries, if any, proximately caused by the assault and battery of any agent or employee of the cross defendant' and you are not to take into consideration any other items in arriving at the amount of damages."

■ Going back to Objection 2, it is our view that the failure of the court to heed this objection will require that the judgment on the cross action be reversed and remanded. This objection comes squarely within the provisions of Rule 279, T.R.C.P. Needless to say, Rule 279, supra, was written to incorporate the rule and doctrine announced by our Supreme Court in Wichita Falls & Oklahoma R. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, and our Supreme Court has not seen fit to depart from such ruling and holding. The burden rested on appellees to plead and prove that she suffered injuries by reason of the assault and battery, and we think that such issue was tendered by the pleadings and the evidence and was one of the controlling issues in this cause, and it was the duty of the court to submit an affirmative issue thereon, and the exception pointed out the court's failure in this behalf.

The other exceptions we have quoted we think are good, but in view of the fact that they may not arise on a re-trial, we see no necessity for extending this opinion by writing upon them. Because of the views here expressed, appellees' counter points pass out of the case, and because there must be another trial, comment would be of no avail.

■ For the error pointed out, this cause is reversed and remanded and the trial court is further instructed, when this cause is called for trial, in view of the admissions made by the appellees as to the debt and lien of the appellant, to enter

judgment for its debt, interest and attorney's fees as may be owing at said date, and for foreclosure of the chattel mortgage lien, and then proceed to trial on appellees' cross action.

Accordingly, the judgment of the trial court is reversed and remanded with instructions.