LONE STAR LIFE INSURANCE COMPANY, Appellant,

v.

F. Earl KUNATH, Appellee.

No. 15455.

Court of Civil Appeals of Texas.

Dallas.

March 27, 1959.

Turner, White, Atwood, McLane & Francis and Geo. E. Flannigan, Dallas, for appellant.

Mayer, Mayer & Levin, Marvin L. Levin and Henry Smith, Dallas, for appellee.

DIXON, Chief Justice.

Appellee F. Earl Kunath recovered judgment for $1,400 against appellant Lone Star Life Insurance Company for breach of a written contract of employment dated March 21, 1956, whereby appellant had engaged the services of appellee as an insurance salesman.

The contract contained this provision: "The Company agrees to advance to the said Agent $400.00 monthly, payable $200.00 on or about the fifth and $200.00 on or about the twentieth of each month, so long as said Agent's services are satisfactory to the Company. The Company agrees to accept as sole security for such advances, all first year and renewal commissions earned under said Agency Contract. Should the Agent fail to earn in first year and renewal commissions the amount of the advances made under this Supplemental Agreement, there shall be no further liability on the part of the Agent."

The contract also contained this provision: " * * * this agreement may be terminated by either party hereto by notice in writing of the election to terminate same delivered personally or mailed to the other party at the last known address fifteen days before the date therein fixed for such termination."

Appellee alleged that though he had not received any notice of termination of the contract, appellant, beginning July 1, 1956, refused to make any further advance payments to him with the result that he was compelled on July 23, 1956 to cease his activities as an insurance salesman; and that for such period of time from July 1, 1956 to July 23, 1956 appellant owed him the sum of $300. Appellee further alleged that appellant also owed him the sum of $400 per month for the balance of the year's period ending March 20, 1957, eight months, making an additional sum due of $3,200, and a total sum due of $3,500.

In its original answer and trial amendment appellant entered a general denial and

pled further (1) that it had in good faith stopped making advance payments to appellee because it believed it had fair and reasonable grounds for dissatisfaction with appellee's services in that he was not selling enough insurance to justify the continuance of advances to him; and (2) that appellee had not devoted his undivided attention to the business of appellant Insurance Company, as he was obligated to do under the terms of the contract.

A jury answered special issues to the effect that (1) in July 1956 when appellant stopped making advances to appellee, it was not in good faith dissatisfied with appellee's services; (2) appellee did not fail to devote his undivided attention to the business of appellant prior to the time the semi-monthly advances were discontinued in July 1956; and (3) that a letter dated August 7, 1956 from appellant to appellee was not intended to be written notice to appellee that the contract of March 21, 1956 was terminated.

The evidence showed that from July 23, 1956 to March 20, 1957 appellee earned the sum of $2,100. In mitigation of damages the court allowed this sum to be deducted from the $3,500 advances due, leaving $1,400 as the amount of the judgment.

Appellant's first point on appeal is that there is no evidence to support any finding that appellant had breached its contract with appellee in any way.

■ It is undisputed that for the period beginning July 1, 1956 appellant discontinued making the $200 semi-monthly advance payments. The jury found that appellant was not acting in good faith when it discontinued these payments. By letter dated August 7, 1956 appellant ordered appellee to return his rate book, brief case and other supplies needed by him in carrying out his part of the contract. Yet appellant did not at anytime terminate the contract by giving the fifteen days' notice as provided by the terms of the contract. Appellee testified that at the time his advance payments were discontinued he was

actively selling or attempting to sell insurance, and that he was ready, willing, and able to work. We cannot agree with appellant that there is no evidence that it did not in any way breach its contract with appellee. Appellant's first point is overruled.

In its second and third points appellant says that the court erred in making findings of fact in a jury case in violation of Rule 279, Texas Rules of Civil Procedure, and in entering judgment for appellee in any amount since appellee failed to request and have submitted ultimate and necessary issues to support his cause of action, thus waiving said issues and his right of recovery.

The alleged findings of fact to which appellant objects are contained in the written judgment, and are as follows: "the defendant failed to give plaintiff written notice, at any time of the termination of his employment as required under the terms of the contract between plaintiff and defendant * * * It further appearing to the Court, and the court so finds that the undisputed evidence that the acts on the part of the defendant prevented the plaintiff from fulfilling the contract from July 21, 1956 through March 20, 1957: * * * from the undisputed evidence, that the plaintiff is entitled to payments under the contract for a period of eight months at the rate of $400.00 per month from July 21, 1956 through March 20, 1957 being an amount of $3,200.00 and that plaintiff is further entitled to payment for three weeks from July 1st, 1956 through July 20, 1956, in the amount of $300.00, being a total sum of $3,-500.00; * * * that the plaintiff is therefore entitled to the sum of $1,400.00 * * *".

In Wichita Falls & Oklahoma R. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, our Supreme Court held that in jury cases where special issues in regard to essential ultimate fact issues are not submitted or requested, the power of the judge to make fact findings does not extend to such ultimate and essential issues. Rule 279, T.R.C.P. was written in furtherance of the pronouncement in the Pepper case. Great Western Loan & Trust Co. v. Rodriguez, Tex.Civ.App., 290 S.W.2d 551, 553.

■■ But the rule does not require the trial court to submit special issues as to facts which are not disputed. See 41–B Tex.Jur. 489–494 and cases there cited. It is undisputed in this case that appellant did not give written notice of the termination of the contract in question. Appellant admits as much in its brief when it says: "Of course it did not, his employment was not terminated." And again when it said "There is absolutely no support in the evidence whatever or of any kind that defendant terminated the employment of plaintiff." Therefore the court's statement in this. connection cannot be considered a finding by the court on a disputed fact question. It is merely a statement by the court of an undisputed fact, and does not violate Rule 279, T.R.C.P.

■ We also think that in the light of the uncontradicted evidence and the jury's verdict there can be no dispute in regard to the court's statement that acts on the part of appellant prevented appellee from fulfilling the contract from July 21, 1956 through March 20, 1957. Appellant admits that it stopped making advance payments to appellee for the period beginning July 1, 1956 and made no further payments at all. The jury found this action by appellant was not taken in good faith. Appellant admits it did not terminate the contract. Yet it was in response to appellant's written demand of August 7, 1956 that appellee turned in his brief case, rate book, and other supplies needed to carry out his part of the contract. This is not disputed. In the face of these established and undisputed facts it cannot be said that the trial judge made a finding on a disputed fact issue when he stated that appellant had prevented appellee from fulfilling his contract.

■ The statement of the court that appellee was entitled to $3,500 in payments under the contract is a conclusion of law. It was not error for the court to make the computations set out in the statement in question, for the answers of the jury to the issues submitted, together with the express terms of the contract established a factual basis which enabled the court by a simple exercise in arithmetic to arrive at the sum of $3,500 as the gross total amount of advance payments due under the express terms of the written contract.

The court's statement that plaintiff is entitled to the sum of $1,400 is a conclusion of law, not a finding of fact. It is true that in order to arrive at such sum as the amount of the judgment to which appellee was entitled, the court made a finding that appellee had earned the sum of $2,100. This sum was deducted in mitigation of damages from the $3,500 due in advances under the express terms of the contract, leaving the $1,400 for which the court entered judgment.

However appellant is not in position to complain because the court allowed mitigation of damages in the amount of $2,100, thus reducing appellee's judgment to $1,400. Though no issue was submitted inquiring the amount of money earned by appellee from July 23, 1956 to March 20, 1957, the undisputed testimony on the point was an admission by appellee that he had earned $2,100. Since the testimony, though given by an interested party, was an admission it was not error for the court to allow that sum in mitigation of damages. Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767, 145 S.W.2d 569; 3 McDonald "Texas Civil Practice" 1064, Sec. 12.08; 41–B Tex.Jur. 231, Sec. 193.

■ Anyway the burden was on the appellant as defendant, not appellee as plaintiff, in the trial court to plead, prove, and request issues in regard to mitigation of damages. This it did not do. Connor v. Buford, Tex.Civ.App., 142 S.W.2d 592; 13 Tex.Jur. 414. Consequently, even if we were to hold that it was error for the court to find that appellee had earned $2,100, and to allow that sum in mitigation of damages, it would be an error in favor of appellant; and appellant will not be heard to complain of an error in its favor. 3–B Tex.Jur. 717.

Appellant's second and third points on appeal are overruled.

The judgment of the trial court is affirmed.