Gail COOPER, Appellant,

v.

Bradford BOYAR and Ted Simerson, Appellees.

No. 5871.

Court of Civil Appeals of Texas, Waco.

May 18, 1978.

First Rehearing Denied June 15, 1978.

Second Rehearing Denied July 6, 1978.

Jerry N. Jordan, Turner, Rodgers, Sailers, Jordan & Calloway, Dallas, for appellant.

Charles W. Rowland, DeSoto, for appellees.

HALL, Justice.

Appellees Bradford Boyar and Ted Simerson brought this suit against appellant Gail Cooper for actual and exemplary damages alleging that Cooper willfully and maliciously committed an assault upon them with a pistol. Cooper answered with a general denial, a plea of self-defense of his person, and a counterclaim against Boyar and Simerson for actual and exemplary damages based upon pleadings that Boyar and Simerson assaulted him.

The evidence shows without contradiction that at the time in question Boyar and Simerson were employees of Dallas Flight Center. Cooper was president of American Hatch Corporation. In payment of Dallas Flight Center's fee for aircraft charter service furnished to Cooper, Cooper gave Dallas Flight Service a check for $3,185.00 executed by Deborah Shirley which was drawn on a checking account styled "Deborah Shirley, Petty Cash Account for A.H.C." Deborah Shirley was Cooper's secretary, and she was also his fiancée. Dallas Flight Center deposited the check for collection, but it was returned marked "insufficient

funds." Subsequently, a dispute arose between Cooper and Dallas Flight Center over the Center's charter service fee, and Cooper determined that the check should not be paid. On the occasion in question, Boyar and Simerson went to see Cooper at his Company office to try to collect on the check. An argument resulted, Cooper withdrew a pistol from his desk, and in the ensuing altercation Cooper struck Boyer on the head with the gun causing a bleeding cut which required several stitches for closing.

The case was tried to a jury who made the following answers to the special issues:

1. Found that Cooper committed an assault and battery upon Boyar.
2. Found that the assault and battery was the proximate cause of "the injury, if any," suffered by Boyar.
3. Found that the assault and battery upon Boyar was committed with malice.
4. Awarded Boyar $2,500.00 actual damages for his injuries.
5. Awarded Boyar $5,000.00 exemplary damages.
6. Found that Cooper was not acting in self-defense when he committed the assault and battery upon Boyar.
7. Found that Cooper committed an assault upon Simerson.
8. Found that the assault was the proximate cause of "the injury, if any," suffered by Simerson.
9. Found that the assault upon Simerson was committed with malice.
10. Awarded Simerson $1,500.00 actual damages for his injuries.
11. Awarded Simerson $5,000.00 exemplary damages.
12. Found that Cooper was not acting in self-defense when he committed the assault upon Simerson.
13. Failed to find that Boyar committed an assault and battery upon Cooper.
18. Failed to find that Simerson committed an assault upon Cooper.

Judgment was rendered on the verdict awarding Boyar a recovery of $7,500.00 and awarding Simerson a recovery of $6,500.00. Cooper appeals.

The four special issues relating to the questions of assaults upon the plaintiffs and whether they were injured were worded as follows:

SPECIAL ISSUE NO. 1:

Do you find from a preponderance of the evidence that at the time and on the occasion in question Gail E. Cooper committed an assault and battery upon Bradford Boyar?

SPECIAL ISSUE NO. 2:

Do you find from a preponderance of the evidence that the assault and battery, if you have so found that an assault and battery was committed, was the proximate cause of the injury, if any, suffered by Bradford Boyar at the time and on the occasion in question?

SPECIAL ISSUE NO. 7:

Do you find from a preponderance of the evidence that at the time and on the occasion in question Gail E. Cooper committed an assault upon Ted Simerson?

SPECIAL ISSUE NO. 8:

Do you find from a preponderance of the evidence that the assault, if you have so found that an assault was committed, was the proximate cause of the injury, if any, suffered by Ted Simerson at the time and on the occasion in question?

Issues 2 and 8 were conditionally submitted upon affirmative answers to issues 1 and 7 respectively. As we have already shown, all four issues were answered in plaintiffs' favor.

Cooper objected to the failure of the court to submit by separate special issues the "controlling issues" as to whether each plaintiff was in fact injured. He suggested to the court that a special issue reading as follows relating to each plaintiff should be submitted to the jury:

"Do you find from a preponderance of the evidence that the plaintiff [Boyar, and then Simerson] sustained injuries, if any, as a result of the action of Defendant Gail E. Cooper directed to the said [plaintiff] on the occasion in question? Answer 'Yes' or 'No.' "

The objections were overruled. Cooper assigns error to these rulings, and cites *Great Western Loan & Trust Company v. Rodriguez,* 290 S.W.2d 551 (Tex.Civ.App.— Waco 1956, no writ) in support of his assignments.

The *Rodriguez* case was an assault and battery action, tried to a jury, in which the question of injury to the plaintiff was a disputed issue. The jury was first asked whether the defendant assaulted the plaintiff. Then, conditioned upon an affirmative answer to that issue, the jury was asked, as in our case, whether "the assault and battery was the proximate cause of the injuries, if any, suffered by [the plaintiff]." The defendant objected to the failure of the court to submit an issue inquiring whether the plaintiff sustained any injuries, and suggested an issue to that effect like Cooper has done in the case before us. The objection was overruled, the submitted issues were answered in plaintiff's favor, and judgment was rendered on the verdict for plaintiff. This court reversed the judgment, holding that the trial court should have submitted the disputed issue of the injury to the jury.

■ As we have stated, the evidence shows without contradiction that Cooper inflicted actual physical injury upon Boyar when he struck Boyar with the gun. This fact negated any need of asking the jury whether Boyar was injured. However, whether Simerson was injured was a disputed issue in the case. Nevertheless, we hold the ruling in *Rodriguez* is no longer controlling. When that case was decided, Rule 277, Vernon's Tex.Rules Civ.Proc., required the court to submit the issues to the jury "distinctly and separately." Since that decision, Rule 277 has been amended and now provides, as it did when our case was tried, as follows: "It shall be discretionary with the court whether to submit separate questions with respect to each element of a case or to submit issues broadly. It shall not be objectionable that a question is general or includes a combination of elements or issues."

■ Cooper has not shown how he was harmed by the inclusion of the elements of injury and causation in a single issue. He simply argues that he was entitled to have them separately submitted. Under the provisions of Rule 277, he was not. No objections were made to special issues 2 and 8. If they assume the fact of injury as Cooper seems to infer, that complaint was waived.

■ Cooper asserts the court erred by failing to instruct the jury, over his objection, "that an assault does not occur if a person uses no more force than is reasonably necessary under the attending circumstances to eject an intruder from such person's premises where he has lawful possession of such premises." The contention is overruled. Cooper did not plead defense of property. This was an affirmative defense to plaintiffs' actions on assault. Affirmative defenses must be pleaded, else they are waived. Rule 94, Vernon's Tex.Rules Civ. Proc.; *Petroleum Anchor Equipment, Inc. v. Tyra,* 419 S.W.2d 829, 835 (Tex.Sup.1967).

Two other complaints by Cooper are also based upon rulings on his objections to the charge. Neither presents reversible error and both are overruled.

■ Contentions are made that the jury's answer to special issue 7 finding that Cooper assaulted Simerson is either without any support in the·evidence or it is against the great weight and preponderance of the evidence. Particularly it is asserted there is no evidence that any actions of Cooper were directed to Simerson. Those contentions are overruled.

There is evidence that after Boyar and Simerson·entered Cooper's office a discussion arose over Cooper's refusal to pay the check, and Cooper stated to Boyar and Simerson that he did not intend to pay it. Boyar told Cooper that if the check was not made good that he and Simerson would be forced to take legal action against Deborah Shirley (Cooper's secretary and fiancé) who had made and signed the check, and "would have to file on her." Cooper became very excited on Boyar's threat of legal action, and three times stated, "don't you file on

that girl." He then said, "I'll take care of that," and withdrew the pistol from a drawer and struck Boyar on the head with it. At this time Cooper's face was red, he was "almost wild-eyed" and was glaring at Boyar. He cocked the hammer on the pistol, waved it around, and told Boyer and Simerson, "If you don't get out of here I'm going to kill you." Boyar testified that Simerson was "right at my side" and that "at any time [Cooper] was holding the gun, if it had gone off, it would have hit us." He said that he looked down the barrel of the gun, and that he did not think he would leave the office alive. Simerson testified that he "looked down the end of a loaded gun . . and . . . could actually see the lead bullets in the cylinder of that gun with the hammer cocked"; that Cooper was angry, irate and shaking, and "waving [the gun] around both of us"; and that "I thought my days had come to an end."

Of course, Cooper's version of the confrontation between the parties differs substantially from Boyar's and Simerson's testimony, and under Cooper's testimony an assault was not committed on Simerson. Nevertheless, the evidence we have recited supports the jury's finding of the assault. It would serve no useful purpose to set forth all the proof on the question, but in the light of it we hold that the finding is not against the great weight and preponderance of the evidence.

■ Finally, it is asserted by Cooper that the jury's awards of damages to both Boyar and Simerson are excessive. A review of the entire record convinces us those contentions are without merit. They are overruled.

The judgment is affirmed.

### ON MOTION FOR REHEARING

Among other complaints in his motion for rehearing, appellant Cooper asserts we erred in holding that in an assault action defense of property is an affirmative defense under Rule 94 which must be affirmatively pleaded by the defendant before the court is required to submit it to the jury. Cooper says the defense is an inferential rebuttal issue, citing *Foster v. H. E. Butt Grocery Co.,* 548 S.W.2d 769, 771 (Tex.Civ. App.—San Antonio 1977, writ ref'd n. r. e.) which held that it was.

■ An inferential rebuttal issue is one which disproves the existence of an essential element submitted in another issue. *Wirtz v. Orr,* 533 S.W.2d 468, 472 (Tex.Civ. App.—Eastland 1976, writ ref'd n. r. e.). So, it has been held that the defense of self-defense in a suit arising under our wrongful death statute (Article 4671, Vernon's Tex.Civ.St.) is inferential rebuttal rather than affirmative defense because the plaintiff has the burden of pleading and proving that the killing of the deceased was "wrongful." *Grieger v. Vega,* 153 Tex. 498, 271 S.W.2d 85 (1954). On the other hand, in an assault action, the plaintiff need only plead and prove that the assault was committed "intentionally" or "knowingly." V.T.C.A., Penal Code § 22.01. The defenses of self-defense and defense of property do not seek to disprove those elements of intent; rather, they admit that the assault was committed intentionally or knowingly and seek to justify it. See *Cameron Compress Co. v. Kubecka,* 283 S.W. 285, 287 (Tex.Civ.App.—Austin 1926, writ ref'd). Accordingly we remain convinced that they are affirmative defenses under Rule 94 which, if raised by pleading and proof, should be handled by special issue rather than simply by explanatory instruction as an inferential rebuttal issue.

■ In any event, if the issues of self-defense and defense of property in an assault case be classed as inferential rebuttal they still must be pleaded before their submission to the jury is required. Rule 279, Vernon's Tex.Rules Civ.Proc.; Hodges, Special Issue Submission In Texas (1959), p. 47, Inferential Rebuttal Issues, § 17.

Appellant's motion for rehearing is overruled. The judgment is affirmed.