**LA MARQUE INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Willard THOMPSON, Appellee.**

**No. A2004.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 25, 1979.

I. A. Lerner, Carlton A. Getty, LaMarque, for appellant.

John E. Sherman, Houston, for appellee.

Before MILLER, PAUL PRESSLER and SALAZAR, JJ.

MILLER, Justice.

This is an appeal from a suit for the breach of a contract of employment. The trial court rendered judgment in favor of the employee bus driver and the employer school district appeals.

In 1975, Willard Thompson, appellee, entered into a contract with the La Marque Independent School District to drive a school bus. The contract was to last for a term of nine school months beginning on August 20, 1975, and ending May 28, 1976. He had worked under similar contracts for the school district the preceding nine years with a new contract negotiated each school year. Two clauses in the contract, which are pertinent to this appeal, are as follows:

1. The driver agrees to abstain from the use of intoxicating liquors and drugs on days assigned for driving of school bus. . . .

2. It is further agreed that failure to abide by any of the provisions or regulations referred to in this contract may subject the driver to dismissal and termination of this contract by the contracting Board.

On March 4, 1976, appellee was informed by the appellant that he was not to drive a bus any longer due to his being under the influence of alcohol on March 3, 1976, while operating a school bus. Appellee did not drive a school bus after this date. A formal hearing was held on March 16, 1976. He was notified by letter dated April 13, 1976, that he was terminated as a bus driver.

Appellee instituted suit on July 29, 1976, alleging that there was a valid employment contract; that he was discharged by the appellant on April 13, 1976, for allegedly driving a school bus while intoxicated; that appellee had performed all the terms of the contract; that appellant's unreasonable actions constituted a breach of said contract; and that he was deprived of his remaining salary of $1,185.28. Appellant answered by admitting the contract; specifically alleging that plaintiff breached the contract by the use of intoxicating liquor on a day assigned for driving a school bus; and by a general denial of all other material allegations. Trial was to the court. The primary issue which was contested was whether the appellee used intoxicating liquor on a day he was assigned to drive a bus. A secondary issue was the amount of damages, if any.

After hearing the testimony and receiving evidence, the trial court awarded appellee damages for the breach of contract in the amount of $840.00 plus attorney's fees. At appellee's request, the trial judge filed findings of fact and conclusions of law.

■ In the first point of error appellant asserts that there was insufficient evidence to support the judgment. In reviewing an assignment of evidentiary insufficiency, we must look at all of the evidence, including that which is contrary to the verdict, to determine if it is factually sufficient to support the findings of vital facts. *In re Kings' Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Fisher Construction Company v. Riggs*, 160 Tex. 23, 325 S.W.2d 126 (1959). The appellee had the burden of proving that he was not intoxicated on an assigned day in order to show wrongful discharge.

■ On this issue, appellee himself testified that he had nothing to drink that day. He introduced the testimony of other school district employees to the effect that he did not drink on the job nor did he act or smell as if he had been using alcoholic beverages on March 3, 1976. Appellant put on three school district employees who testified that they smelled alcohol on appellee at a bus driver's in-service training program the *evening* of March 3, 1976, and one former co-worker who testified that she smelled alcohol on appellee while he was on duty that day.

■ Appellant further urges that there was insufficient evidence to prove damages. The primary evidence offered on the damages was appellee's testimony that he made $145.00 to $150.00 every two weeks which included some voluntary out of town trips. Dr. M. Y. Johnson was examined on this point. He admitted to supervising the department which handles the payroll but was unable to testify as to when and how much appellee was last paid. In *Gevinson v. Manhattan Construction Co. of Oklahoma*, 449 S.W.2d 458 (Tex.1969), the Texas supreme court said:

"[Generally], evidence given by an interested witness, even though uncontradicted, presents an issue to be determined by the trier of fact. This rule is not without exception however, and conclusive effect may be given to the testimony of an interested witness provided the testimony is clear, direct and positive and there are no circumstances tending to discredit or impeach the same. There is an added reason for recognizing the exception when the opposite party had the means and opportunity of disproving the testimony, if it were not true and failed to do so."

We think the evidence was sufficient to support the judgment. The first point of error is overruled.

In the second point of error appellant complains of the trial court's failure to grant an offset of $80.00 which was earned by the appellee from employment obtained after the breach of contract. He relies on this court's opinion in *Cole v. City of Houston*, 442 S.W.2d 445 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ) in which we said that an employee who has been wrongfully discharged before the termination of his contract of employment must endeavor to reduce the damages by seeking other employment. Although mitigation of damage was not pled, evidence was introduced to the effect that the appellee earned $80.00 during the contract period subsequent to the breach by working a few days as a stevedore. Appellee made no objection during the trial to the testimony and the trial court found as a fact that he had earned this money. The general rule is that under these circumstances an issue must be considered to have been tried by consent as if it had been raised in the pleadings; a failure to amend the pleadings to conform to the evidence does not affect the result of the trial on such issues. Tex.R.Civ.P. 67; *McKenzie v. Carte*, 385 S.W.2d 520 (Tex. Civ.App.—Corpus Christi 1964, writ ref'd n. r. e.). This rule applies to affirmative defenses as well as original claims. *Whitley v. Whitley*, 566 S.W.2d 660 (Tex.Civ.App.—Beaumont 1978, no writ). Consequently, the judgment in this cause should have allowed appellant credit for the $80.00. As the findings of fact and conclusions of law affirmatively show that the $80.00 offset was not included in the amount of judgment, we sustain this point of error and modify the damage award from $840.00 to $760.00.

In his third point of error appellant contends that the judgment is erroneous in that it does not conform to the pleadings as required by Tex.R.Civ.P. 301. The appellee's petition alleged that he was terminated on April 13, 1976, while the judgment is based upon a termination date of March 4, 1976. Consequently, appellant argues that the trial court could only have awarded appellee lost wages for six weeks (April 13, 1976 to May 28, 1976) instead of 12 weeks (March 4, 1976 to May 28, 1976) as the latter time period is outside of the pleadings.

We cannot sustain appellant's contention as it is based on an erroneous measure of recovery. A suit for breach of contract due to wrongful termination is a suit for *damages, not wages*. The measure of damages is the present cash value of the contract to appellee if it had not been breached, less any amounts which he should in the exercise of reasonable diligence be able to earn through other employment. *Dixie Glass Co., Inc. of Houston v. Pollack*, 341 S.W.2d 530 (Tex.Civ.App.—Houston [1st Dist.]) *writ ref'd per curiam*, 162 Tex. 440, 347 S.W.2d 596 (1961). (Emphasis ours.)

In appellee's case, pleading that the contract was wrongfully terminated on April 13, 1976, did not preclude him from proving and recovering all damages he suffered from that breach. It was uncontroverted that appellee was not allowed to work as a bus driver after March 4, 1976. The third point of error is overruled.

The judgment is modified to include an offset for $80.00 in earnings subsequent to the breach of contract and affirmed as modified.