Leonard LIVEOAK, Appellant,

v.

Ben Baxter INGHAM, IV, et al., Appellees.

No. 08–82–00180–CV.

Court of Appeals of Texas, El Paso.

Dec. 15, 1982.

Appellees' Rehearing Denied Jan. 12, 1983.

---

Jack Paul Leon, Samuel H. Bayless, Leon & Bayless, San Antonio, for appellant.

Aubrey D. Stokes, Robert Junell, Webb, Stokes, Sparks, Parker & Junell, San Angelo, Max E. Wright, Cotton, Bledsoe, Tighe & Dawson, Midland, for appellees.

Before STEPHEN R. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

OSBORN, Justice.

This is a venue case in which it is alleged that the Appellant intentionally shot and killed Ben Baxter Ingham, III, in Terrell County, and that venue may be maintained in that county under subdivision 9 of Article 1995, Tex.Rev.Civ.Stat., in this suit by his heirs and estate. The trial court overruled Appellant's plea of privilege. We reverse and order the case against Leonard Liveoak transferred to Bexar County, Texas.

After suit was filed, Leonard Liveoak filed a plea of privilege and a general denial. The evidence establishes that Leonard Liveoak did shoot and kill Ben Baxter Ingham, III, in Terrell County on September 23, 1981. The evidence indicates that Mr. Liveoak, at the time, claimed a justification for his conduct in that he said on several occasions that Mr. Ingham was choking him and trying to kill him.

The first point of error contends the shooting was done with justification and in

self-defense, and that there is no evidence of an unlawful act which would establish a crime or trespass in Terrell County. Appellant argues that when evidence of justification is raised in a criminal case, the State must prove beyond a reasonable doubt that the killing or assault was not done in self-defense and was not justified. *See:* Section 9.31 and 9.32, Tex.Penal Code; *Luck v. State,* 588 S.W.2d 371 (Tex.Cr.App.1979). He concludes that the evidence from Appellees' own witnesses establishes that no crime was committed because his own conduct was justified. The Appellees reply that this is a defensive issue which was not raised by the pleadings and that, in any event, the court is not concerned with defensive issues when it only decides venue of a case.

The court in *Foster v. H.E. Butt Grocery Co.,* 548 S.W.2d 769 (Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.), discussed each of these contentions. That is a venue case in which the court considered the question of whether self-defense in an assault case was an affirmative defense and therefore immaterial in a venue case, or whether it was an issue related to the plaintiff's prima facie case. In rejecting the affirmative defense contention, Chief Justice Barrow, writing for the majority of the court, said:

A similar contention was considered and rejected by the Supreme Court in *Grieger v. Vega,* 153 Tex. 498, 271 S.W.2d 85 (1954). This was a suit for damages for wrongful death wherein the Court was required to decide the question of which party had the burden of proof where the evidence raised self-defense. The Court recognized at the outset that the authorities were conflicting on this question. It is clear from the opinion that Vega vigorously relied on the holding of *Cameron Compress Co. v. Kubecka,* 283 S.W. 285 (Tex.Civ.App.—Austin 1926, writ ref'd). After a full review of the authorities, it was held that if plaintiff proved an intentional killing, he has met his burden of showing that the death was wrongful. However, if the evidence raises an issue of justification, such as self-defense, the plaintiff has the burden of

proof to overcome the evidence of self-defense. Otherwise, plaintiff fails to prove his cause of action that the death was wrongful. This holding was followed in *Bradford v. Fort Worth Transit Company,* 450 S.W.2d 919 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.). *See also McMurrey Corp. v. Yawn,* 143 S.W.2d 664 (Tex.Civ.App.—Texarkana 1940, writ ref'd).

■ It would seem from that holding that self-defense is in the nature of an inferential rebuttal issue. *Norris v. Branham,* 557 S.W.2d 816 (Tex.Civ.App.—El Paso 1977, writ ref'd n.r.e.). Such issues are ones which require affirmative pleading and some evidence raising the particular theory which is inconsistent with the plaintiff's theory for recovery. In such cases, the burden of proof is on the plaintiff to establish the nonexistence of the rebuttal issue. Hodges, Special Issue Submission in Texas, Section 17 (1959).

In this case, the evidence certainly raised the issue. Not only that, it was part of the plaintiff's evidence, and having offered that part of the deposition of Ronald D. Eckhart which raised the issue, the plaintiff is bound by such evidence. *Polasek v. Quinius,* 438 S.W.2d 828 (Tex.Civ.App.—Austin 1969, writ ref'd n.r.e.); *Ballard v. Aetna Casualty and Surety Company,* 391 S.W.2d 510 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n.r.e.).

In this case, the plaintiff offered no evidence to overcome the proof establishing a justification for the killing of Mr. Ingham. Thus, there was no proof which would have permitted the trial court to find the claim of justification did not exist. And since the plaintiff was bound by such proof, the court was obligated to find the justification was established and the plaintiff had not proven a crime or a trespass, since the latter arises from "wrongful acts," and if there was a justification for the killing, there was no "wrongful act." *Reaves v. Brooks,* 430 S.W.2d 926 (Tex.Civ.App.—Amarillo 1968, writ dism'd).

■ In our case, the defendant's answer contains only a general denial. Inferential-rebuttal theories require affirmative pleadings to raise the issues, and a general denial will not suffice. *Cooper v. Boyar,* 567 S.W.2d 555 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.); *Salley v. Black, Sivalls & Bryson,* 225 S.W.2d 426 (Tex.Civ.App.—San Antonio 1949, writ dism'd); Hodges, supra. But, issues which require an affirmative pleading may be tried by consent, in which case, a failure to amend the pleading to conform to the evidence does not affect the result of the trial on such issues. *La-Marque Independent School District v. Thompson,* 580 S.W.2d 670 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Whitley v. Whitley,* 566 S.W.2d 660 (Tex.Civ.App.—Beaumont 1978, no writ). *See also: Petroleum Anchor Equipment, Inc. v. Tyra,* 419 S.W.2d 829 at 835 (Tex.1967). Since the plaintiff offered the evidence on the issue of the justification for the killing, there can be no question but that the issue was tried by consent. Point of Error No. One is sustained.

The last two points of error complain that the trial court erred in permitting Appellees to reopen their case after all parties had closed and in permitting the Appellees to offer additional evidence. It is also contended that there is no properly admitted evidence to establish that the Appellees are the heirs and executor of the estate of Benjamin Baxter Ingham, III. After the evidence was closed, the court raised a question about whether there was a stipulation on the heirship of the deceased. After some discussion, the court permitted counsel for Appellees to reopen and call a new witness who testified concerning heirship and, at the same time, counsel offered certified copies of instruments from the probate proceedings which showed that the Appellee, Jimmy Powers, had been appointed and qualified as independent executor of the deceased's estate.

■ We conclude that there was no abuse of discretion in permitting one of the parties to reopen and offer additional evidence prior to the time the court ruled on the plea of privilege. The proof which was offered did establish that two of the Appellees herein are the surviving children of the deceased.

But, if we should be in error with regard to the court's right to permit the Appellees to reopen and offer additional evidence, nevertheless, the issue as to the capacity of the parties to sue had not been raised by a verified pleading as required by Rule 93(b), Tex.R.Civ.P. In *Ladner v. Reliance Corporation,* 156 Tex. 158, 293 S.W.2d 758 (1956), the court said:

> There are some situations in which the plaintiff is not required to prove all of his essential venue facts by independent evidence. Under our statutes and rules certain facts will be taken as admitted unless the defendant puts the same in issue by a verified pleading, and the plea of privilege does not constitute a verified denial of any allegation of plaintiff's petition required to be denied under oath unless specifically alleged in such plea. *See* Rules 86 and 93, Texas Rules of Civil Procedure. When a venue fact is one which can be put in issue only by a verified pleading and the defendant does not interpose such a plea, the plaintiff is not required to prove the same.

Since the defendant in this case did not file a denial as to the capacity of the children or the independent executor to sue, their capacity as heirs and executor was admitted and no independent proof was required. Points of Error Nos. Two and Three are overruled.

The order of the trial court is reversed and the case against Leonard Liveoak is ordered transferred to Bexar County, Texas.

STEPHEN R. PRESLAR, Chief Justice, dissenting.

I respectfully dissent and would uphold the judgment of the trial court maintaining venue in the county of suit.

Subdivision 9 of Article 1995 provides in part "Crime or Trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime,

offense, or trespass was committed by the defendant ..." It is undisputed in this case that the crime, offense or trespass was committed in the county of suit by the defendant. That uncontroverted evidence appears to me to meet the requirements of Subdivision 9 and puts an end to the case. But the majority says no, the element of a crime or trespass is missing because there is evidence of self-defense. I would not hold that self-defense is an issue on the venue trial.

As noted by Professor McDonald in his treatise, Texas Civil Practice, Volume 1, Venue, Section 4.55, "The issues on a venue hearing ordinarily differ markedly from those upon the trial upon the merits ... upon the venue hearing, the only issue is as to the existence of the essential venue facts required to demonstrate the applicability of a particular venue exception." As this Court said in *Thorn v. Theo H. Blue Drilling, Inc.*, 472 S.W.2d 535 (Tex.Civ.App.—El Paso 1971, no writ):

> The sole issue in the plea of privilege hearing is that of venue; not liability or the merits of the case. *Stockyards National Bank v. Maples,* 127 Tex. 633, 95 S.W.2d 1300; *Farmers' Seed & Gin Company v. Brooks,* 125 Tex. 234, 81 S.W.2d 675.

And further in the same opinion:

> As stated in McDonald, Texas Civil Practice, Vol. 1, at page 614: "At venue hearing there is no occasion to examine affirmative defenses to the Plaintiff's claim, except so far as they may be inseparably involved in determining a venue fact. If the controverting affidavit brings the cause within a venue exception, the court will not on the venue hearing consider matters in abatement, the insufficiency of the petition to state an enforceable claim, or affirmative defenses."

Self-defense is not "inseparably involved in determining a venue fact" in this case. The only venue facts in Subdivision 9 are: 1) that a trespass has been committed, 2) that it was committed in the county of suit, and 3) that the defendant asserting his privilege committed the acts. The majority has held that no trespass has been committed because the Appellant was acting in self-defense. Authority for that position is *Foster v. H.E. Butt Grocery Company,* 548 S.W.2d 769 (Tex.Civ.App.—San Antonio 1977, ref. n.r.e.). I do not think *Foster* is applicable. Aside from the fact that is a two judge opinion with a vigorous dissent, it should be noted that the case has never been cited or followed by any other court. It has no application to this case because it is not a Subdivision 9 case. It was decided under Subdivision 4 which involves two or more defendants and one of the venue facts is whether the plaintiff has a bona fide claim against the resident defendant. Said the court "The question before us on this appeal is whether the trial court abused its discretion in finding that Appellant failed to prove his cause of action against Richardson, the resident defendant." In ruling on that venue fact, the court held that a cause of action had not been established because the evidence established that the defendant was acting in self-defense. Subdivision 9 does not require that the plaintiff establish a cause of action. That is not one of the venue facts to be proved. That a trespass has been committed is a venue fact and it is undisputed that happened in this case. It happened when the Appellant shot the deceased. His reasons for doing it are a different matter. The fact is, he did trespass on the rights of the deceased. He has to admit that in order to reach the plea of justification.

Another reason *Foster* is inapplicable is that like the majority opinion in this case, it applied the self-defense allowance of the criminal law to a civil case.

In *Howsley v. Gilliam,* 517 S.W.2d 531 (Tex.1975), the Supreme Court ruled that Article 1222 of the Texas Penal Code provided when homicide is justifiable under a self-defense plea, and when it is applicable in a civil case. The Court said:

> It is well established that the mere fact the Legislature adopts a criminal statute

does not mean this Court must accept it as a standard for civil liability.

And further;

[P]roof that an individual did not violate any penal law would not necessarily preclude civil liability. It follows that simply because one may be statutorily relieved from criminal prosecution does not mean that he will be universally exonerated from civil liability when his conduct falls below the minimum standards applicable to the law.

That case like the one before us is a civil case for wrongful death and it should be controlling herein rejecting the self-defense theory which was not pled.

For the reasons stated I would affirm the judgment of the trial court.