Reversed and Remanded, and Opinion filed March 27, 2003









Reversed and Remanded, and Opinion filed March 27,
2003.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00214-CV

____________

 

FRED FRAZIER and KOONEY X-RAY, INC., Appellants

 

V.

 

JAMES B. HAVENS, SHIRLEY E. FRAZIER,
and GROSCHKE PROPERTIES,
Appellees

 



 

On Appeal from the 55th District Court

Harris County, Texas

Trial Court Cause No. 2000-07959

 



 

O P I N I O N

In five issues, Fred Frazier and Kooney X-Ray, Inc. appeal a
judgment in favor of James B. Havens, Shirley E.  Frazier, and
Groschke Properties in a partnership dispute. 
We reverse and remand.

I. 
Factual And Procedural Background








In 1980, Fred Frazier, James B. Havens, and Marshall Frazier
formed a partnership called Groschke Properties.  After Marshall Frazier died, his wife,
Shirley Frazier, assumed his partnership interest.  The partnership purchased a tract of property
and executed a bank note to finance the purchase.  At one time, separate companies owned by each
of the partners leased portions of the property from the partnership.  Eventually, only Kooney X-Ray, Inc., the
company owned by Fred Frazier, continued to occupy any of the partnership
property, and the partnership sold all of the property except the portion
occupied by Kooney.

Kooney=s lease, executed in 1981, provided for an initial monthly
rent of $2,315, increasing to $2,700 after two months.  An amendment to the lease further provided
the monthly rent specified in the lease was based on the then-existing 202% prime rate charged by the bank
holding the note on the property, but the monthly rent would be adjusted in
unison with adjustments in the bank=s prime rate, up to a rate of
24%.  At first, Kooney paid rent directly
to the partnership which in turn paid the bank note.  Later, Kooney paid the same amount of rent,
but directly to the bank as payment on the note.  Kooney did not pay any rent after the note
was paid off in early 1997.

On February 16, 2000, Havens, Shirley Frazier, and Groschke
filed suit against Fred Frazier and Kooney. 
They alleged Frazier breached the partnership agreement and his
fiduciary duty to the partnership by allowing Kooney to use partnership
property without paying rent.  They also
pleaded a quantum meruit claim against Kooney for using partnership property
without paying rent.  In addition, they
sought an accounting of partnership assets and appointment of a receiver over
the assets.  Frazier and Kooney filed a
quantum meruit counterclaim seeking reimbursement for payments they made to
improve, maintain, and pay the note on the partnership property beyond what
they were obligated to pay.  They also
sought a declaratory judgment to clarify the contractual relationship of the
parties.








The trial was to the court. 
At trial, Frazier explained why Kooney did not pay rent after early
1997.  He testified that Kooney overpaid
its rent from 1982 to early 1997 because it was never adjusted in unison with
the decrease in the bank=s prime rate as provided in the amendment to the lease.  He further testified that Kooney maintained
and paid taxes on partnership property not leased by it.  However, pursuant to Havens and Shirley
Frazier=s statute of limitations objections,
the trial court refused to consider evidence of overpaid rent and other excess
payments on behalf of the partnership made by Frazier and Kooney before
February 16, 1996 (four years before suit was filed).

The trial court entered judgment that Havens and Shirley
Frazier each recover $21,800 plus $3,000 in attorneys= fees, and Frazier and Kooney take
nothing on their counterclaim.  The court
also appointed a receiver to sell the partnership property and divide the
proceeds among Havens, Shirley Frazier, and Fred Frazier.

The trial court entered findings of fact and conclusions of
law.  Among other matters, the trial
court found (1) Frazier and Kooney owed past due rent to the partnership; (2)
Frazier breached his fiduciary duty to the partnership by possessing and using
partnership property without paying rent; and (3) Frazier and Kooney failed to
prove any setoffs or credits claimed by them. 
Among other matters, the trial court concluded (1) the four year statute
of limitations applied to Frazier and Kooney=s claims that occurred before
February 16, 1996; and (2) credit for payments made by Frazier or Kooney
before February 16, 1996 was waived by their actions.

II.  Analysis

In their first three issues, appellants, Frazier and Kooney,
claim the trial court erred in applying the statute of limitations to their
claim for overpayments made before February 16, 1996[1],
and also erred in excluding evidence of these overpayments.  As a result of these errors, they allege the
court also erred in denying them a judgment credit, offset, or quantum meruit
recovery based on limitations.








A. 
Standard of Review

The admission or exclusion of evidence rests within the sound
discretion of the trial court.  City
of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995); Hunt v.
Baldwin, 68 S.W.3d 117, 126 (Tex. App.CHouston [14th Dist.] 2001, no
pet.).  To obtain reversal of a judgment
based upon error in the admission or exclusion of evidence, the appellant must
show that (1) the trial court committed error; and (2) the error was reasonably
calculated to cause and probably did cause rendition of an improper
judgment.  Tex. R. App. P. 44.1; Gee v. Liberty Mut.
Fire Ins. Co., 765 S.W.2d
394, 396 (Tex. 1989); Hunt, 68 S.W.3d at
126.

B. 
Error in Excluding Evidence

For two reasons, Frazier and Kooney contend the trial court
erred in concluding that limitations required him to exclude evidence of their
overpayments before February 16, 1996: (1) under section 16.069 of the Texas
Civil Practice & Remedies Code their counterclaim is not barred by
limitations; and (2) Havens, Shirley Frazier, and Groschke failed to plead
limitations.[2]  We agree with both contentions.

1.  Counterclaim Not Barred By Limitations

Frazier and Kooney brought their claim for overpayments
before February 16, 1996 as a counterclaim in Havens, Shirley Frazier, and
Groschke=s suit.  Section 16.069 of the Texas Civil Practice
and Remedies Code saves an otherwise time-barred counterclaim under the
following circumstances:

16.069. Counterclaim or Cross Claim








(a)       If a counterclaim or cross claim arises out of the same
transaction or occurrence that is the basis of an action, a party to the action
may file the counterclaim or cross claim even though as a separate action it
would be barred by limitation on the date the party=s answer is required.

(b)       The counterclaim or cross claim must
be filed not later than the 30th day after the date on which the party=s answer is required.

Tex. Civ. Prac. & Rem. Code Ann. ' 16.069 (Vernon 1997).

Frazier and Kooney were served with Havens, Shirley Frazier,
and Groschke=s suit on March 6, 2000.  Their answer was due on March 27, 2000.  See Tex
R. Civ. P. 99(b).  They filed
their counterclaim on April 24, 2000, less than 30 days after their answer was
due. Therefore, because their counterclaim was timely filed under section
16.069, it was not barred by the statute of limitations.[3]




2.  Failure to Plead Limitations

A party waives the affirmative defense of statute of
limitations if it is not pleaded or tried by consent.  See Tex.
R. Civ. P. 94; RE/MAX of Texas, Inc. v. Katar
Corp., 961 S.W.2d 324, 327 (Tex. App.CHouston [1st Dist.] 1997, pet.
denied).  Although Havens, Shirley
Frazier, and Groschke did not plead limitations, they contend that issue was
tried by consent because Frazier and Kooney allowed the admission, without
objection, of substantial evidence on the issue.[4]








A party=s unpleaded issue may be deemed tried by consent when
evidence on the issue is developed under circumstances indicating both parties
understood the issue was in the case, and the other party fails to make an
appropriate complaint.  See Tex. 
R.  Civ.  P. 67; Realtex
Corp. v. Tyler, 627 S.W.2d 441, 443 (Tex. App.CHouston [1st Dist.] 1981, no writ);
La Marque Indep. School Dist. v. Thompson, 580
S.W.2d 670, 673 (Tex. App.CHouston [14th Dist.] 1979, no
writ).  However, this rule is
inapplicable here because 
Frazier and Kooney did not allow admission of evidence on the
unpleaded limitations issue.  In fact,
Havens, Shirley Frazier, and Groschke do not point to any evidence directly
related to the limitations issue that was introduced without objection.  Instead, they refer us only to evidence
Frazier and Kooney introduced showing that overpayments were made before
February 16, 1996.  This was not evidence
relating to the limitations issue; it pertained to Frazier and Kooney=s counterclaim seeking reimbursement
for overpayments and other items.  This
evidence does not fit within rule 67 or the cases cited above.  We hold that the issue was not tried by
consent, and that Havens, Shirley Frazier, and Groschke waived their
limitations defense to Frazier and Kooney=s claim for overpayments.

Having concluded that Frazier and Kooney complied with
section 16.069 of the Texas Civil Practice & Remedies Code, and that limitations was not tried by consent, we hold that the
trial court erred in applying the statute of limitations to this counterclaim
for overpayments and in excluding evidence of these overpayments.

                                   C.  Rendition
Of Improper Judgment

Next, as we have found that the trial court erred in
excluding evidence of Frazier and Kooney=s overpayments before February 16,
1996, we consider whether this error was reasonably calculated to cause and
probably did cause the rendition of an improper judgment.  Frazier and Kooney contend the error caused
the rendition of an improper judgment because the undisputed evidence
established the excluded overpayments exceeded the $43,600 in damages, plus
attorneys= fees, awarded against them.  We agree. 
The following appears to be undisputed in the evidence:








$                  
Kooney overpaid
$72,000 in rent from March 1, 1982 to January 1, 1986 alone because the rent
was not adjusted downward as the prime rate decreased; the prime rate decreased
from 202% to 16% between the time Kooney signed the lease and
moved onto the property.

$                  
Kooney paid
$63,000 in taxes on partnership property not occupied by it. 

$                  
Kooney paid for
repair of a building on the property occupied by a company owned by one of the
other partners.

$                  
Kooney paid to
move equipment and materials left on the property when the companies owned by
the other partners closed down.

 

Havens, Shirley Frazier, and Groschke do not dispute that this evidence
was uncontradicted or point to any parts of the record that contradict it.  Frazier did not testify as to the specific
amounts Kooney expended to maintain partnership property not occupied by it,
but he testified Kooney=s total overpayments amounted to several hundred thousand
dollars.

The trial court predicated its judgment on its findings that
(1) Frazier and Kooney owed rent to the partnership; (2) Frazier breached his
fiduciary duty to the partnership by using partnership property without paying
rent; and (3) Frazier and Kooney failed to prove their claimed overpayments.  Each of these findings stems from the court=s erroneous conclusion that
limitations applied to Frazier and Kooney=s claim.  If we ignore these findings and look at the
uncontroverted evidence, the evidence shows that Frazier and Kooney=s rental overpayments exceeded the
amount of unpaid rent sued for. 
Consequently, if the trial court had considered the rent Frazier and
Kooney overpaid before February 16, 1996, it should have concluded that (1)
Havens, Shirley Frazier, and Groschke were not entitled to recover any rent
from Frazier and Kooney; and (2) Frazier did not breach his fiduciary duty to
the partnership.








In addition, Frazier and Kooney=s other overpayments before February
16, 1996,  including
taxes and maintenance, exceeded the amount of the judgment against them.  If the trial court had considered these
overpayments, Frazier and Kooney also would have prevailed on their quantum
meruit counterclaim, thereby offsetting the judgment against them and entitling
them to judgment against Havens, Shirley Frazier, and Groschke.[5]  See Tex.
R. Civ. P. 302 (providing a defendant who establishes a counterclaim
against a plaintiff exceeding that established against him by the plaintiff is
entitled to judgment for the excess).

Havens, Shirley Frazier, and Groschke reply that the trial
court was not persuaded by Frazier and Kooney=s evidence of overpayments before
February 16, 1996 because it rejected evidence of similar payments after
February 16, 1996; therefore, any error in excluding the evidence of
overpayments before February 16, 1996 was harmless.  However, there is no finding that the trial
court did not believe Frazier and Kooney made the overpayments before February
16, 1996.  If anything, the findings of
fact indicate otherwise because the trial court found that Kooney=s rent from 1982 through 1996 was
never adjusted for decreases in the prime rate, and it found that Kooney paid
property taxes on behalf of the partnership that it was not obligated to
pay.  These findings did not impact the
court=s judgment simply because it
incorrectly concluded Frazier and Kooney=s claim for these overpayments was
barred by limitations.  

Accordingly, we conclude the trial court=s error in applying the statute of
limitations to Frazier and Kooney=s claim for overpayments before
February 16, 1996, and excluding evidence of these overpayments, was reasonably
calculated to cause, and probably did cause, the rendition of an improper
judgment.  See Tex. R. App. P. 44.1.  

D. 
No Waiver of Counterclaim








By cross-point, Havens, Shirley Frazier, and Groschke further
assert any error in excluding evidence of the overpayments before February 16,
1996 was harmless because Frazier and Kooney waived their quantum meruit
counterclaim to recover the overpayments. 
We disagree.

Waiver is an intentional relinquishment of a known right or
intentional conduct inconsistent with claiming that right.  Tenneco Inc. v. Enterprise Prods. Co.,
925 S.W.2d 640, 643 (Tex. 1996); Frost Nat=l Bank v. Burge, 29 S.W.3d 580, 592 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  Waiver can be established by a party=s express renunciation of a known
right or by silence or inaction for so long a period as to show an intention to
yield the known right.  Tenneco, 925 S.W.2d at 643; Burge, 29 S.W.3d at 592.  Waiver is largely a matter of intent; thus,
for implied waiver to be found through a party=s actions, intent must be
clearly demonstrated by the surrounding facts and circumstances.  Motor Vehicle Bd. v. El Paso Indep. Auto.
Dealers Ass=n,
1 S.W.3d 108, 111 (Tex. 1999); Continental Casing Corp. v. Siderca Corp.,
38 S.W.3d 782, 789 (Tex. App.CHouston [14th Dist.] 2001, no pet.).

As Havens, Shirley Frazier, and Groschke point out, the trial
court concluded that Frazier and Kooney waived a credit for their overpayments
before February 16, 1996 by their actions.  The trial court did not state in its findings
of fact what actions constituted waiver. 
However, Havens, Shirley Frazier, and Groschke suggest two reasons
Frazier and Kooney waived their right to recover the overpayments: (1) their
breach of fiduciary duty waived the equitable remedy of quantum meruit; and (2)
Frazier signed two lien affidavits asserting he had no claims against the
partnership.  

While waiver is ordinarily a question of fact, if the facts
and circumstances are admitted or clearly established, the question becomes one
of law.  Tenneco, 925 S.W.2d at 643. 
Here, the facts on which Havens, Shirley Frazier, and Groschke rely to
argue waiver are clearly established; therefore we will review the conclusion
that Frazier and Kooney waived their claim for overpayments before February 16,
1996 as a question of law.  








1.  Equitable Remedies

First, Havens, Shirley Frazier, and Groschke assert that
Frazier and Kooney waived their equitable remedy of quantum meruit because they
breached their fiduciary duty to the partnership.  They cite Truly v. Austin, 744 S.W.2d
934, 938 (Tex. 1988) as holding that one who seeks an equitable remedy must do
equity and come to court with clean hands. 
While Havens, Shirley Frazier, and Groschke correctly recite this
general principle, it is inapplicable here. 


The first problem with this argument is that they apply it to
both Frazier and to Kooney.  However, the
trial court found that only Frazier, not Kooney, breached a fiduciary duty to
the partnership.  Kooney was not a
partner, and, thus, did not owe a fiduciary duty to the partnership.  Instead, it is a separate corporation, owned
by Frazier, that leased partnership property.  Therefore, this argument does not apply to
Kooney=s quantum meruit claim.  The second problem with their argument is
that we have already held that the trial court erroneously excluded evidence of
Frazier and Kooney=s overpayments and, therefore, erroneously concluded that
Frazier and Kooney breached their fiduciary duty.  Thus, waiver is not supported by the finding
of breach of fiduciary duty. 

2.  Lien Affidavits 

Havens, Shirley Frazier, and Groschke also maintain that
Frazier and Kooney waived any right to recover the overpayments because Frazier
signed two affidavits representing the partnership owed no debts to him or
Kooney.  On April 17, 1997 and
March 17, 1998, the partners, on behalf of the partnership, executed lien
affidavits in connection with the sale of portions of the partnership property.[6]  








In these affidavits, the partners swore there were no liens,
mortgages, taxes, or unpaid debts on the property, and no adverse claims
against the property.  However, these
representations were not inconsistent with Frazier=s claim to recover the overpayments,
and they do not constitute waiver.  See
Tenneco, 925 S.W.2d at 643; Burge, 29 S.W.3d
at 592.  These affidavits were intended
to show that no taxes were owed to any taxing authorities, and that no third
parties could place a cloud on the title. 
They were not designed to prove that there were no claims among the
partners themselves.  They were clearly
limited to the particular portion (or portions) of property being sold, and they were made to enable the partnership to obtain
title insurance and the purchaser to obtain financing on that property.  In short, they were not representations that
Frazier and Kooney had no claim against the partnership and other partners for
excess rent, taxes, and other expenses already paid in connection with all the
partnership property.  We overrule the
cross-point.

III.  Conclusion

We sustain Fred Frazier and Kooney=s first, second, and third issues,
and overrule Havens, Shirley Frazier, and Groschke=s sole cross-point.  In their fourth and fifth issues, Frazier and
Kooney complain of the amount of the receiver=s bond and the award of attorneys= fees to Havens, Shirley Frazier, and Groschke.  Because we have sustained Frazier and Kooney=s first, second, and third issues, we
need not address their fourth and fifth issues. 
            We reverse the trial
court=s judgment and remand this cause for
further proceedings consistent with this opinion.

 

 

/s/        Wanda McKee Fowler

Justice

 

 

 

Judgment rendered
and Memorandum Opinion/Opinion filed March 27, 2003.

Panel consists of
Chief Justice Brister and Justices Hudson and Fowler.











[1]  For ease of
discussion, we hereafter refer to all Frazier and Kooney=s payments on behalf of the partnership, including overpaid
rent and other excess payments, for which they seek a judgment credit, offset,
or quantum meruit recovery as the “overpayments.”





[2]  Although
Frazier and Kooney state that the trial court “excluded” evidence of these
overpayments, some of this evidence was admitted, while some is included in the
record by bill of exception.  However,
based on the trial court’s findings of fact, conclusions of law, and comments
at trial, it is clear it refused to consider all the overpayments before
February 16, 1996 based on limitations. 
Therefore, we too will refer to it as an exclusion of this evidence.





[3]  For a
counterclaim to arise out of the “same transaction or occurrence” as the original
claim, there must be a “logical relationship” between the claims; the essential
facts on which the counterclaim is based must be significantly and logically
relevant to both claims.  See Freeman
v. Cherokee Water Co., 11 S.W.3d 480, 483 (Tex. App.CTexarkana 2000, pet. denied); Jack H. Brown &
Co. v. Northwest Sign Co., 718 S.W.2d 397, 400 (Tex. App.CDallas 1986, writ ref=d
n.r.e.) (construing virtually identical language used
in Tex. R. Civ. P. 97(a)
concerning compulsory counterclaims). 
Here, there is clearly a logical relationship between Havens, Shirley
Frazier, and Groschke=s claim for unpaid rent, and Frazier and Kooney=s counterclaim for overpaid rent and other excess
payments.  Further, on appeal, Havens,
Shirley Frazier, and Groschke do not dispute that the counterclaim arises out
of the same transaction or occurrence as their claim.





[4]  Havens,
Shirley Frazier, and Goschke=s answer, if any, to Frazier and Kooney=s counterclaim is not included in the record.  However, the trial court found that they did
not plead limitations, they do not challenge that finding, and they acknowledge
they did not plead limitations. 





[5]  Quantum meruit
is an equitable theory of recovery which is based on an implied agreement to
pay for benefits received. Heldenfels Bros., Inc. v. City of Corpus Christi,
832 S.W.2d 39, 41 (Tex. 1992); To recover under quantum meruit, the claimant
must establish (1) valuable service was rendered or materials furnished; (2) to
the party sought to be charged; (3) which were accepted by the party sought to
be charged; and (4) under such circumstances as reasonably notified the
recipient that the claimant, in performing, expected to be paid by the
recipient.  Id. 





[6]  Because the
description of the property addressed in one of the affidavits is not attached,
it is unclear whether the two affidavits addressed one or more portions of
property.